129 Ga. App. 165 (1973)
199 S.E.2d 114
D. M. N.
v.
STATE OF GEORGIA.
48201.
Court of Appeals of Georgia.
Submitted May 8, 1973.
Decided May 30, 1973.
William T. Darby, Sr., Charles H. Andrews, Jr., for appellant.
Glenn Thomas, District Attorney, for appellee.
EVANS, Judge.
D. M. N., age 16 years, and his father, were charged with aggravated assault upon a police officer, and with being drunk, disorderly and resisting arrest. D. M. N. was brought before the Juvenile Court of Appling County for a hearing, and at the conclusion the court entered the following order: "Upon hearing of evidence it is determined that said juvenile is not amenable to treatment, that probable guilt was shown on the charges made and that the needs of the child and safety of the community are such that treatment as an adult is required. Therefore, said juvenile and the subject matter is hereby transferred to the Superior Court of Appling County, Ga." The juvenile appeals, and contends the transfer was in violation of Ga. L. 1971, pp. 709, 736 (Code Ann. § 24A-2501). Held:
After a petition alleging delinquency has been filed, based on conduct which is designated a criminal offense under the law, including local ordinances, the juvenile court may transfer the case to the superior court upon certain conditions, to wit: 1.A hearing must be held in conformity with the Juvenile Court Act (Ga. L. 1971, p. 709 et seq.) See Code Ann. §§ 24A-1801, 24A-2001, 24A-2002, supra. 2. Proper notice must be given as required by this law (Code Ann. § 24A-2501 (a2), supra). 3. The court must find there are reasonable grounds to believe the following: (a) The child committed the delinquent act alleged; (b) He is not amenable to treatment or rehabilitation through available mentally retarded or mentally ill; (d) The interest of the community requires that the child be placed under legal restraint or discipline; and (e) The child was at least 15 years of age at the time of the alleged delinquent conduct. Code Ann. § *166 24A-2501 (a) (3, 4), supra.
The state did not carry the burden of meeting the requirements set forth above. There was no proof that the juvenile used any weapon in a manner such as to constitute aggravated assault as set out in Williams v. State, 127 Ga. App. 386 (2) (193 SE2d 633). The state failed to carry its burden of proving the charge that the minor was delinquent and disorderly. The question of resisting arrest is one of fact, which the court could determine was true. But it has not been shown that the child is not amenable to treatment or rehabilitation through available facilities, nor that the interest of the community requires that the child be placed under legal restraint or discipline. The evidence shows that the juvenile did not commit any wrongful act until the deputy sheriff began to severely beat his father. The officer testified that the juvenile hit him with something, but he could not testify as to the description of the object. During the altercation the father was shot in the leg by the policeman.
As the evidence shows unequivocally that the requirements set forth in the guidelines in the juvenile court law have not been met a reversal is required.
Judgment reversed. Hall, P. J., and Clark, J., concur.