## 51087. R. E. D. v. STATE OF GEORGIA.

BELL, Chief Judge.

The appellant, a sixteen-year-old juvenile, appeals from an order of the Juvenile Court of Dougherty County transferring his case to the superior court. The petition alleged that the appellant had committed a delinquent act by committing specified acts of burglary. *Held:*

After a petition alleging delinquency has been filed alleging conduct which is a criminal offense, a juvenile court is granted discretion to transfer the case to the

superior court on the meeting of the standards specified in Code § 24A-2501. The only portion of this statute applicable to this appeal is Code § 24A-2501 (a) (3). Under this part, the court in its discretion must determine that there are reasonable grounds to believe that "(i) the child committed the delinquent act alleged, (ii) the child is not amenable to treatment or rehabilitation through available facilities, (iii) the child is not committable to an institution for the mentally retarded or mentally ill, and (iv) the interests of the child and the community require the child be placed under legal restraint and the transfer should be made." The juvenile court in its order made a determination in substantially this statutory language. There is evidence, and it was admitted by the appellant, that he committed the delinquent act alleged in the petition and there is nothing to show that he is committable to an institution for the mentally retarded or mentally ill. However, there is no evidence to meet the condition that he is not amenable to treatment or rehabilitation through available facilities or that the interest of the community requires that the appellant be placed under legal restraint or discipline. The evidence at the hearing shows to the contrary. The appellant was not placed in any form of restraint or detention prior to the hearing. Several police officers testified that based upon their knowledge of this appellant and his lack of any prior record or any involvement in violating the law that he was a proper subject who may respond to treatment with an end towards his complete rehabilitation and that there were available facilities within the state to further this end. Additionally, there is evidence from the appellant's parents, although divorced, that they were in a position to take custody of this child and make a good faith concerted effort to cure any propensity of the defendant to engage in future delinquent conduct. Accordingly, we must hold that the juvenile court abused its discretion in entering the order transferring this case.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 22, 1975.

*E. Louis Adams,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.