50819. J. G. B. v. STATE OF GEORGIA.
50820. L. E. S. v. STATE OF GEORGIA.
50886. R. W. v. STATE OF GEORGIA.
50887. E. B. v. STATE OF GEORGIA.

PANNELL, Presiding Judge.

Petitions were filed respecting each appellant for transfer hearings in the Juvenile Court of Houston County under the provisions of Code § 24A-2501. The petition concerning J. G. B. alleged in part that he committed the offenses of burglary (two counts), public drunk, and obstruction of an officer. L. E. S. was alleged to have committed two offenses of burglary. The petitions respecting R. W. and E. B. alleged that they participated

in one armed robbery and five instances of burglary. All petitions stated that appellants were not amenable to treatment or rehabilitation through available facilities; were not committable to an institution for the mentally ill or mentally retarded; and were at least fifteen years of age at the time of the alleged delinquent conduct.

After the hearings, the court entered an order in each case finding, in part, that there were reasonable grounds to believe appellants L. E. S. and J. G. B. committed the offenses charged, with the exception of one count of burglary; and appellants R. W. and E. B. committed all offenses charged. The court also found that appellants were not amenable to treatment or rehabilitation through available facilities. The cases were ordered transferred to Houston Superior Court. *Held:*

1. A juvenile court may not transfer a juvenile case to an appropriate court having jurisdiction without first hearing evidence sufficient to give the court reasonable grounds to believe the child is not amenable to treatment or rehabilitation through available facilities. *J. J. v. State of Ga.,* 135 Ga. App., 660. In the transfer hearings respecting L. E. S. and J. G. B., there was no evidence sufficient to give the court reasonable grounds to believe appellants were not amenable to treatment or rehabilitation through available facilities. Accordingly, the order of the juvenile court judge transferring the cases to the superior court must be reversed.

2. The cases of R. W. and E. B. are distinguishable from *J. J. v. State of Ga.,* supra, in that R. W. and E. B. were charged with committing a capital offense. However, we are of the opinion that, *where a petition alleging delinquency has been filed in the juvenile court,* the same requirements must be met in order for the juvenile court to transfer a case involving a capital offense to the superior court as a case involving a noncapital offense.

Code § 24A-301 (b) provides that the juvenile court "shall have concurrent jurisdiction with the superior court over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in the

penitentiary." Where courts have concurrent jurisdiction, the first court to take jurisdiction will retain it. *Hardeman v. Battersby,* 53 Ga. 36. Once the juvenile court takes jurisdiction, it may transfer the case pursuant to Code § 24A-2501.

Code § 24A-2501 provides: *"After a petition has been filed alleging delinquency based on conduct which is designated a crime* or public offense under the laws, including local ordinances, the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if: . . . (3) the court in its discretion determines there are reasonable grounds to believe that . . . (ii) the child is not amenable to treatment or rehabilitation through available facilities . . . *and* (4) the child was at least 15 years of age at the time of the alleged delinquent conduct or *the child was 13 or 14 years of age and committed an act for which the punishment is loss of life or confinement for life in the penitentiary."* (Emphasis supplied.) It is evident that the procedures set forth in Code § 24A-2501 for transfer of a case from juvenile court to superior court were intended to apply to capital offenses or there would have been no need to include a minimum age requirement for transfer of such a case within this particular Code section.

In the present case a petition alleging delinquency was filed respecting R. W. and E. B. A transfer of these cases to the superior court would require that the procedures set forth in Code § 24A-2501 be met. Thus, it was necessary that the juvenile court judge determine there were reasonable grounds to believe R. W. and E. B. were not amenable to treatment or rehabilitation through available facilities.

The juvenile court judge stated that there were reasonable grounds to make such a finding "based on the number and severity of the alleged offenses." We do not believe that the number and severity of the offenses, standing alone, can establish the absence of amenability to rehabilitation. One juvenile who commits armed robbery and several counts of burglary may be more readily capable of rehabilitation through existing facilities than another juvenile who has committed

assault and battery on one occasion.

There was no evidence sufficient to give the court reasonable grounds to believe appellants were not amenable to treatment or rehabilitation through available facilities. Accordingly, the order of the juvenile court judge transferring the cases of R. W. and E. B. to the superior court must be reversed.

3. Appellants' enumerations of error No. 2 are without merit.

4. The petitions alleging delinquency did not contain an endorsement or a statement that it was in the best interest of the child that the proceeding be brought. Appellants argue that such endorsement and statement are required by Code §§ 24A-1601 and 24A-1603; and the absence of the endorsement or statement causes the petition and any proceedings based thereon to be void.

The juvenile court judge entered an order of detention, respecting each appellant, in which he stated, "Whereas a complaint has been made to the court concerning the above named child and the court finding from information brought it that it is necessary for the protection of said child and/or society that he be detained, it is therefore ordered that said child be detained . . ." Code § 24A-1404 (f) provides that if a child is not released from detention, "a petition under section 24A-1603 *shall* be made and presented to the court within 72 hours of the detention hearing." (Emphasis supplied.) The petitions were issued to the court within 72 hours of the detention hearings.

The court's order of detention would be useless if a petition of delinquency were not filed within 72 hours. In making his determination that it was necessary for the protection of the child and society that the child be detained, the judge impliedly approved the filing of the petition alleging delinquency. The purpose of requiring an endorsement or a statement in the petition (that the proceeding is in the best interest of the child and society) is to assure that the court, or someone acting for the court, has made such a determination before proceedings are commenced against the child. In the present case, such a determination was made by the court and entered in the record by way of the order of detention. To require that a

bare statement be stamped on the face of the petition itself would be an empty gesture. The purpose of the statute has been fulfilled. Accordingly, the petitions are not void for lack of an endorsement or statement as argued by appellants.

*Judgments reversed. Quillian and Clark, JJ., concur.*

Argued June 25, 1975 — Decided October 8, 1975.

*A. Edwin Pooser, IV,* for appellants.
*Stephen R. Pace, Jr., District Attorney,* for appellee.