142 Ga. App. 635 (1977)
236 S.E.2d 764
J. T. M.
v.
STATE OF GEORGIA.
53942.
Court of Appeals of Georgia.
Argued May 5, 1977.
Decided June 9, 1977.
Rehearing Denied June 24, 1977.
William G. Posey, Joel E. Dodson, for appellant.
John T. Perren, District Attorney, for appellee.
MARSHALL, Judge.
The 16-year-old appellant was arrested, charged with the offense of murder, brought before Douglas Superior Court pursuant to the provisions of Code Ann. § 24A-1402 (a) (3) (Ga. L. 1971, pp. 709, 723; 1973, pp. 882, 885), given a committal hearing authorized under Code Ch. 27-4 (erroneously designated Chapter 27-24 in § 24A-1402 (a) (3), supra), and committed to the Marietta Regional Youth Development Center pursuant to an order of committal and detention.
Thereafter, the appellant's mother and brother filed a petition in the Juvenile Court of Douglas County, alleging that he was "deprived," and "unruly," and cited him for the offense of assault with a firearm or other deadly weapon. Notwithstanding a motion by the district attorney to dismiss the petition filed in the juvenile court *636 because jurisdiction had already vested in superior court by virtue of his detention under the murder charge, the juvenile court conducted a transfer hearing pursuant to Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887). After the hearing, the juvenile court ordered the appellant transferred to Douglas Superior Court for prosecution, from which judgment he appeals. The appellant enumerates as error the overruling of his motion for a directed verdict on the issue of transferral at the close of the state's case; the trial judge's relying upon the nature of the delinquent act alleged on which to base his transferral; transferral where uncontradicted evidence was presented that the appellant is amenable to treatment or rehabilitation under the juvenile court statutes; the finding of fact that the appellant was a user of drugs; the finding of fact that the appellant would require a long period of time and intensive treatment for any possible rehabilitation; the finding of fact of a general lack of intensive treatment in the state-provided facilities; and the abuse of discretion in ordering the transfer.
The state moved to dismiss the appeal on the ground that the transferral order is not an appealable judgment, and no certificate for immediate review was obtained. Held:
1. For the reasons hereinafter set forth, the motion to dismiss on the ground relied upon by the state is denied.
Code Ann. § 24A-3801 (Ga. L. 1971, pp. 709, 755) provides for appeals "in all cases of final judgments of a juvenile court judge," without defining "final judgments." Code Ann. § 6-701 (a) 1 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, p. 758) provides for appeals "[w]here the judgment is final  that is to say  where the cause is no longer pending in the court below." (Emphasis supplied.) We construe the term "the court below" to be the court the judgment of which is sought to be appealed. So construed, the transferral order is final, since it operates to transfer the case to the superior court, after which the cause is no longer pending in "the court below," the juvenile court. We note that, although a certificate for immediate review was filed for the appeal from the denial of the juvenile's motion opposing transfer in J. J. v. State of Ga., 135 Ga. *637 App. 660 (218 SE2d 668) (1975), this court has assumed jurisdiction of a number of appeals from judgments of transferral in which no certificate was obtained, e.g., C. L. A. v. State of Ga., 137 Ga. App. 511 (224 SE2d 491) (1976); J. G. B. v. State of Ga., 136 Ga. App. 75 (220 SE2d 79) (1975); R. E. D. v. State of Ga., 135 Ga. App. 776 (219 SE2d 24) (1975).
2. "Under the construction of Code Ann. § 24A-301 (b) given by Brown [v. State, 235 Ga. Ga. 353 (219 SE2d 419) (1975)], the superior court and the juvenile court have concurrent jurisdiction over juveniles charged with capital offenses, and whichever court first takes jurisdiction over the matter in question may retain it, subject to the right of the juvenile court to transfer the case to the superior court under Code Ann. § 24A-2501." (Emphasis supplied.) Relyea v. State, 236 Ga. 299, 300 (223 SE2d 638) (1976). For resolution in the present case is the construction of the phrase, "first takes jurisdiction over the matter in question."
In a narrow sense, jurisdiction of a particular case commences with the return of the indictment, presentment, or accusation. "[T]here can be no trial, nor demand for trial, until the defendant is accused, either by indictment, presentment, or accusation." Williamson v. State, 1 Ga. App. 657, 661 (57 SE 1079). The requirement for an indictment in capital felony cases is absolute and nonwaivable. Brown v. Caldwell, 231 Ga. 677 (203 SE2d 542) (1974); Keener v. McDougall, 232 Ga. 273 (206 SE2d 519) (1974). See also 42 CJS 833, Indictments and Informations, § 1.
In a broader sense, however, jurisdiction over a particular matter commences at an earlier time. "Jurisdiction" is defined in Black's Law Dictionary (Rev. 4th Ed.) inter alia as follows: "The word is a term of large and comprehensive import, and embraces every kind of judicial action ... It is the authority by which courts and judicial officers take cognizance of and decide cases... the legal right by which judges exercise their authority ... It is the authority, capacity, power or right to act, ... enter on inquiry, ... examine whether court has power to hear and determine controversy, ... exercise judicial authority or power,... hear and determine ... hear without *638 determining, ... inquire into facts, ... put wheels of justice in motion and to proceed to determination of cause, ... take cognizance, ... `Jurisdiction of subject-matter' ... is power to:... adjudge whether facts make proper case for jurisdictional consideration by judge, ... deal with general abstract question, to hear particular facts in any case relating to such question, and to determine whether they are sufficient to invoke exercise of power ..." See also Williams v. Kaylor, 218 Ga. 576, 580 (129 SE2d 791) (1963) and cits. "Since of necessity every court of general jurisdiction has to determine, as the first question in a case presented to it, whether or not it has jurisdiction, this is always implied, whether it appears on the record or not." Zeagler v. Zeagler, 192 Ga. 453, 457 (15 SE2d 478) (1941) and cits.
In the case sub judice, the superior court first took jurisdiction of the appellant's case in the broader sense by conducting a committal hearing, the purpose of which is to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. Jackson v. State, 225 Ga. 39, 42 (165 SE2d 711) (1969); Code § 27-407. After the detention order was issued, the appellant was, in effect, being detained, by the superior court and under its jurisdiction, pending the issuance of an indictment by the grand jury. To hold otherwise would result in the superior court's actions in conducting the committal hearing and detaining the appellant, being null and void for lack of jurisdiction. The superior court, by definition, must have jurisdiction to do those acts which it is authorized and required by statute to do. Also inherent in this determination is the conclusion that jurisdiction, once exercised, becomes exclusive rather than concurrent, subject to the right of either court to transfer to the other.
Accordingly, all the proceedings in the juvenile court were null and void, since the superior court, having first taken jurisdiction over the matter in question retained jurisdiction, and the juvenile court had no jurisdiction. At this point it should be noted that "Relyea [supra] held that even though the juvenile court first takes jurisdiction, if the petition cites a different offense than that for which defendant was indicted, the superior court has the right to *639 proceed on the offense for which defendant was indicted." K. G. W. v. State of Ga., 140 Ga. App. 571, 572 (231 SE2d 421) (1976). Whether or not the superior court's jurisdiction was invoked before or after indictment is immaterial provided it was invoked prior to that of the juvenile court. Here, the appellant was cited in juvenile court with aggravated assault, a lesser included offense of the crime of murder with which he had already been charged in superior court. Thus, in any event, jurisdiction was properly in superior court.
Since, for the reasons above stated, the juvenile court had no jurisdiction over the appellant, the judgment of transferral to the superior court was null and void, and, therefore, presents nothing for this court to review; accordingly, the appeal therefrom must be and is dismissed.
Appeal dismissed. Deen, P. J., and Webb, J., concur.