Quillian, Presiding Judge.
In this case we consider the correctness of the order of the juvenile court judge transferring the defendant to the *524 superior court under the provisions of Code Ann. §24A-2501 (Ga. L. 1971, pp. 709,736; 1973, pp. 882, 887). The defendant allegedly committed noncapital felonies at the age of 16. The proceedings were transferred from the juvenile court to the superior court, and the defendant was convicted and sentenced. However, on habeas corpus both the convictions and the transfer were set aside and a new transfer hearing ordered. The defendant is now 19 and has served time on his prior conviction. At the transfer hearing-the juvenile judge ordered the defendant transferred to the superior court.
On appeal to this court it is urged there was no evidence to authorize the transfer. Held:
1. In a juvenile court transfer hearing, the requisites of Code Ann. § 24A-2501 (a) (3) must be met. J. J. v. State of Ga., 135 Ga. App. 660 (218 SE2d 668); C. L. A. v. State of Ga., 137 Ga. App. 511 (2) (224 SE2d 491). The burden is on the state to establish these requirements. D. M. N. v. State of Ga., 129 Ga. App. 165 (199 SE2d 114); J. J. v. State of Ga., 135 Ga. App. 660, 663, supra. One of these requisites is whether the child is amenable to treatment or rehabilitation through available facilities. The only witness who testified in this regard stated that the defendant was not amenable to rehabilitation at age 19. The witness further testified that "we are not equipped to handle a 19-year-old through our available facilities.” He then stated the reason that the defendant was not amenable to the juvenile court was because of his age and for no other reason; that age was the reason he was not amenable to rehabilitation.
Under the Juvenile Court Code, " 'Child’ means any individual who is: (1) under the age of 17 years; (2) under the age of 21 years who committed an act of delinquency before reaching the age of 17 years and who has been placed under the supervision of the court or on probation to the court.” Code Ann. § 24A-401 (c) (1) (2) (Ga. L. 1971, pp. 709, 713; 1973, pp. 882, 884).
The Attorney General in an official opinion has reached the conclusion that when the General Assembly reduced the age of majority from 21 to 18 (under Code Ann. § 74-104; Ga. L. 1972, p. 193) this did not modify the provisions of the Juvenile Court Code, which still applies *525 to those under the age of 21 years who have committed an act of delinquency before reaching the age of 17. In that same opinion (Opinions of the Attorney General 1974 No. 74-139), the Attorney General also found under Code Ann. § 99-209 (Ga. L. 1963, pp. 81, 94; 1969, p. 996; 1970, pp. 451, 452; 1972, pp. 1251, 1252; 1973, p. 563; 1974, p. 1455) that the Department of Human Resources’ legal responsibility for children ended when they reached the age of 17, at which time they must be either released or transferred to the Department of Offender Rehabilitation.
This opinion by the Attorney General was cited by the Supreme Court in Carrindine v. Ricketts, 236 Ga. 283 (223 SE2d 627), which reiterated that the Department of Human Resources loses the right to custody at age 17. This is true where a juvenile is convicted of & felony in the superior court.
However, as pointed out in Carrindine v. Ricketts, 236 Ga. 283, supra, Code Ann. § 99-213 (Ga. L. 1963, pp. 81, 105; 1976, pp. 1066, 1067, eff. July 1, 1976), not Code Ann. § 99-209, supra, applies where there is no criminal conviction of the juvenile but instead he is adjudged to be delinquent "under the provision of the juvenile court statute.” See Code Ann. § 99-203 (q) (Ga. L. 1963, pp. 81, 83).
Code Ann. § 99-213 (Ga. L. 1963, pp. 81, 105; 1976, pp. 1066, 1067) provides: "(j) Termination of Control. Every child committed to the division as a delinquent, if not already discharged, shall be discharged from custody of the division when he reaches his 21st birthday.” It is therefore apparent that, as to an individual between the ages of 17 and 21 who committed an act of delinquency before reaching 17, the Juvenile Court Code still applies and that the Children & Youth Division of the Department of Human Resources has responsibility for the handling of delinquents committed to that division.
2. We reach the conclusion that the fact that defendant in this case is now 19 would not serve to make him not amenable to treatment or rehabilitation. Since the sole basis offered was this factor, there is no evidence to sustain the trial judge’s transfer from the juvenile court to the superior court. J. J. v. State of Ga., 135 Ga. App. 660, *526 supra; R. E. D. v. State of Ga., 135 Ga. App. 776 (219 SE2d 24); J. G. B. v. State of Ga., 136 Ga. App. 75 (220 SE2d 79); C. L. A. v. State of Ga., 137 Ga. App. 511, supra.
Submitted September 16, 1977
Decided January 12, 1978.
Barry W. Bishop, for appellant.
C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney, for appellee.

Judgment reversed.

Shulman and Banke, JJ., concur.