148 Ga. App. 609 (1979)
252 S.E.2d 22
C. H.
v.
STATE OF GEORGIA.
56810.
Court of Appeals of Georgia.
Submitted November 6, 1978.
Decided January 5, 1979.
Adams & Clifton, Cecil L. Clifton, Jr., for appellant.
V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, for appellee.
McMURRAY, Judge.
A juvenile, aged 15, having been charged with two counts of burglary, two counts of arson, and one count of theft, was the subject of a transfer hearing to determine whether the aforementioned charges should be tried in juvenile court or superior court. A juvenile petition was filed alleging "that the said child is a delinquent child and has committed a delinquent act ... [and] ... is in need of treatment, rehabilitation and supervision ..." Before hearing the juvenile petition on its merits a transfer proceeding was filed with written notification to the juvenile and his mother (and to other interested parties and officers of the court). The case came on for a hearing before the juvenile court judge, and an order of transfer was issued in which the court stated that the hearing was conducted in conformity with Code Ann. § 24A-1801 (Ga. L. 1971, pp. 709, 729; 1974, pp. 1122, 1130) and Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887, since amended in 1978, p. 1758, effective July 1, 1978). The court contends he was given all rights provided for in Code Ann. §§ 24A-2001 (right to counsel) and 24A-2002 (other basic rights) (Ga. L. 1971, pp. 709, 730, 731). The court heard evidence and found that he was 15 years old at the time the alleged crimes were committed and there were reasonable grounds to believe that he had committed the felonies, i.e., burglary and arson. The court also found that every effort had been made to rehabilitate him through available juvenile facilities, "including informal adjustment, probation, placement in an attention home (from which he ran away) and placement in YDC [Youth Development Center] twice (from which he escaped once)... [his] home environment is not suitable to probation due to lack of adult supervision and ... [he] is not eligible for group home or attention home placement because of his past record." The court also found that the only facility available "is YDC to which he has been sent twice and has returned to lead a life of crime." Based on the above, the court found reasonable grounds to believe he is not amenable to treatment or rehabilitation through available facilities. The court also found there were *610 reasonable grounds to believe he is not committable to an institution for the mentally retarded or mentally ill. Further, the court found that after each rehabilitation effort he has continued to commit serious crimes including criminal damage to property, theft, burglary and arson. Based on his apparent lack of respect for the law and the rights of others and in the best interest of the child and the community, the court determined he must be placed under legal restraint and transferred to the superior court to be treated as an adult, he being 15 years old at the time the alleged crimes were committed. The juvenile appeals. Held:
1. While there was some evidence that the juvenile was mildly retarded, that is, his IQ was "70 which is mildly retarded" nevertheless the other testimony of the service worker who gave this evidence shows he is presumed to be of sound mind and discretion as required by Code § 26-606. The evidence was sufficient for the court to form " reasonable grounds" in its findings in this regard.
2. The evidence shows that the juvenile had been in trouble since 1975 with reference to criminal damage to property handled by informal adjustment under Code Ann. § 24A-1001 (Ga. L. 1971, pp. 709, 720); adjudicated delinquent for theft by taking in 1976, and was committed in 1976 and 1977. This evidence was more than sufficient to support the court's finding that there were reasonable grounds to believe the juvenile committed the delinquent acts alleged and transfer to the superior court, that is, he was not amenable to treatment or rehabilitation through available facilities.
3. Contrary to the contentions of the juvenile in his enumerations of error, there was sufficient evidence to establish reasonable grounds that he committed the delinquent act or acts alleged (same being allegedly based upon the uncorroborated evidence of an accomplice). The requirement of the law for conviction is proof beyond a reasonable doubt, whereas as to transfer the court only has to find "reasonable grounds to believe" that the juvenile committed the acts alleged. The court did not err in transferring this juvenile to the superior court for trial.
Judgment affirmed. Quillian, P. J., and Webb, J., *611 concur.