62764. D. L. M. v. STATE OF GEORGIA.

McMURRAY, Presiding Judge.

On March 27, 1981, appellant, age 16, was charged by state warrants filed on March 30, 1981, in the Superior Court of Berrien County with the offenses of armed robbery and kidnapping with bodily injury. On March 30, 1981, a petition was filed in the Juvenile Court of Berrien County alleging delinquency and that the appellant had committed the following acts, which would be considered as felony offenses if tried in superior court: motor vehicle theft, aggravated battery and burglary.

The state then filed a petition for transfer of the juvenile prosecution to the superior court with reference to the alleged delinquent acts which would be considered as felony offenses if tried in superior court. At the transfer hearing a motion was made by appellant's appointed counsel, appointed March 30, 1981, requesting the juvenile court to also acquire jurisdiction over the felony charges of armed robbery and kidnapping with bodily injury. Following the lengthy transfer hearing commencing April 3, 1981, the juvenile court determined on April 14, 1981, that the Superior Court of Berrien County had first acquired jurisdiction of the two capital felony

charges and that the juvenile court had never acquired jurisdiction of these two charges. It thus denied appellant's motion for the juvenile court to acquire jurisdiction of these two felony charges. It is noted that appellant was appointed an additional attorney. On May 14, 1981, the juvenile court issued its order of transfer as to the charges of motor vehicle theft, aggravated battery and burglary pursuant to Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887; 1978, p. 1758), and appellant appeals therefrom. However, it is noted here by supplemental record that the appellant was subsequently indicted on May 19, 1981, in five counts for the offenses of armed robbery, kidnapping with bodily injury, aggravated battery, burglary and motor vehicle theft and that on June 23, 1981, appellant was found guilty of the offenses of armed robbery and kidnapping with bodily injury. *Held:*

1. Code Ann. § 24A-2501 (a) (3), supra, provides for the transfer for the offenses alleged against a delinquent child based on conduct designated a crime for prosecution by the appropriate court having jurisdiction of the offense if the court in its discretion determines there are reasonable grounds to believe that (1) the child committed the delinquent act alleged; (2) the child is not committable to an institution for the mentally retarded or mentally ill; and (3) the interests of the child and the community require the child be placed under legal restraint and the transfer should be made.

The court considered a report from Southwestern State Hospital where the child was mentally evaluated at the state facility and was determined not to be committable to a mental health facility or to a mental retardation center. Testimony was also offered sufficient to establish the offenses of motor vehicle theft, burglary and aggravated battery, and the evidence was ample to show the interest of the child and the community required that this child be placed under legal restraint and the transfer made due to the severity of the occurrences involving the three offenses with which he was charged. Strict compliance with the above requirements has been shown. See *J. J. v. State of Ga.,* 135 Ga. App. 660 (218 SE2d 668); *C. L. A. v. State of Ga.,* 137 Ga. App. 511 (2) (224 SE2d 491); *J. G. B. v. State of Ga.,* 136 Ga. App. 75 (220 SE2d 79). As to the offenses charged all that is required is to show the court had reasonable grounds to believe the child committed the delinquent acts and is not amenable to treatment or rehabilitation through available facilities. See *C. H. v. State of Ga.,* 148 Ga. App. 609, 610 (252 SE2d 22). Here the appellant was caught in the possession of the stolen car and in the presence of his consenting parents signed a waiver of rights and gave a voluntary confession to the offenses with which he was charged. The nature and severity of the offenses, together with testimony that it was in the

best interest of the community that he be tried as an adult far outweigh any issue as to "the interest of the child," particularly since a caseworker had testified that the appellant had previously been adjudicated a delinquent (forgery), placed on probation; again adjudicated a delinquent (burglary, two counts) and incarcerated, and within one month from his release committed the offenses charged. Thus, it was shown that he did not obey the provisions of juvenile probation while on probation, had all the juvenile services available, and that there was nothing left to offer him; hence he was not amenable to rehabilitation in the juvenile court system. The totality of the evidence that appellant had served time on probation and detention in a youth development center for two prior offenses (felonies) thus exhausting the available options of the juvenile court system; had been found in possession of the stolen property (motor vehicle) and had confessed to the charged offenses, together with the other evidence shown above, shows clearly that the trial court did not abuse its discretion in transferring this child to the superior court for trial. See *In the Interest of J. J. S.,* 246 Ga. 617, 618 (1) (272 SE2d 294).

2. The superior court having first taken and assumed jurisdiction as to the offenses of armed robbery and kidnapping with bodily injury shows clearly that that court having concurrent jurisdiction "over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by . . . confinement for life in the penitentiary," had full authority here to take jurisdiction as to these two offenses, and the juvenile court had no authority to take jurisdiction under the circumstances. See Code Ann. § 24A-301 (Ga. L. 1971, pp. 709, 712; 1973, pp. 882, 883; 1977, pp. 181, 182; 1979, pp. 1179, 1180; 1979, pp. 1404, 1405); *Hartley v. Clack,* 239 Ga. 113, 114 (236 SE2d 63). Under the circumstances here, having considered the other offenses (felonies) and having transferred same to the superior court, even if the juvenile court could have been said to have had concurrent jurisdiction so as to acquire jurisdiction as to these offenses, the juvenile court did not err in refusing to assume jurisdiction as to these offenses.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 18, 1981.

*Daniel L. Studstill, Edward Parrish,* for appellant.
*Vickers Neugent, District Attorney, Charles R. Reddick, Lew S. Barrow, Assistant District Attorneys,* for appellee.