174 Ga. App. 695 (1985)
331 S.E.2d 70
D. T. R.
v.
STATE OF GEORGIA.
70130.
Court of Appeals of Georgia.
Decided May 2, 1985.
Audrey P. S. Biloon, for appellant.
Willis B. Sparks III, District Attorney, Thomas J. Matthews, *698 Assistant District Attorney, for appellee.
BIRDSONG, Presiding Judge.
Juvenile Transfer to Superior Court. D. T. R., a 16-year-old juvenile was arrested and charged with auto theft. A hearing after proper notice was conducted by the juvenile court to consider transferring the jurisdiction over the child to the superior court for treatment as *696 an adult. Several witnesses were called and testified before the juvenile court. An officer of the court who had dealt with D. T. R. over an extended period of time testified most tellingly that D. T. R. had been before the juvenile court approximately ten times. D. T. R. had previously been committed for entering an auto with intent to commit theft in June, 1982. He was placed in the Community Training Program with a view toward rehabilitation. He was again committed on July 29, 1983, for entering an auto. He was committed for shoplifting in May, 1984. D. T. R. had served at least short periods of detention at the Youth Detention Center on three different occasions. The state rehabilitation services had been working with D. T. R. in an after-care program.
After summarizing all that had occurred in and through the juvenile court system, this witness surmised that while D. T. R. may need some professional help, it was the officer's opinion that there was nothing further the juvenile court system could do to help D. T. R. The witness stated emphatically that the juvenile court had exhausted every means available for rehabilitation, and there "was nothing else to offer him in juvenile court." The witness concluded that even though D. T. R. had been in the juvenile system for a long time, D. T. R. continued his recidivistic conduct. It was the witness' opinion that D. T. R. was not mentally ill.
Though D. T. R. had never been mentally evaluated at Central State Hospital, it was the witness' further opinion that such an evaluation was not necessary. Other witnesses called by D. T. R. testified that they believed that there may yet be rehabilitative hope for D. T. R. in the juvenile system. All witnesses including D. T. R. himself concluded that D. T. R. was not mentally ill, retarded, or otherwise a subject for hospitalization for mental illness.
After hearing the evidence, the juvenile court concluded in its order that D. T. R. had committed the auto theft involved (i. e., had committed a delinquent act); was of the age of 15 at the time of the act; that there was no evidence that D. T. R. was committable to an institution for the mentally retarded or mentally ill; and that the past history of D. T. R. established to the satisfaction of the court that D. T. R. no longer was amenable to rehabilitative efforts by the juvenile court; and, that the child required legal restraint. Accordingly, the juvenile court transferred jurisdiction over D. T. R. to the superior court for treatment as an adult. OCGA § 15-11-39. D. T. R. brings this appeal contending that in the absence of an evaluation by Central State Hospital and expert testimony as to D. T. R.'s mental condition or amenability to treatment, the juvenile court had abused its discretion in transferring the case without fully considering the evidence as required by OCGA § 15-11-39 (3) (b) and (c). Held:
In order for an appellate court to determine if the state has carried *697 the burden of showing that a child is not amenable to rehabilitation, there must be evidence in the record for consideration in the appellate court. The transfer order must realistically reflect why the child is not amenable to treatment as a juvenile. Such decision must be based on evidence and the basis for it clearly reflected in the transfer order itself. C. L. A. v. State, 137 Ga. App. 511 (224 SE2d 491). The juvenile court does not abuse its discretion where there is evidence in support of the transfer. In the Interest of J. J. S., 246 Ga. 617 (272 SE2d 294). All that is required is to show the juvenile court had reasonable grounds to believe the child committed the delinquent act and is not amenable to treatment or rehabilitation through available facilities. D. L. M. v. State, 160 Ga. App. 424 (287 SE2d 355).
Here it was shown that D. T. R. repeatedly did not adhere to the constraints of juvenile probation whenever it was offered to him; he had been before the juvenile court approximately ten times; he had received help fruitlessly in the Community Treatment Program; he had been in the Youth Detention Center three times and had been receiving state help in after-care programs; and all juvenile court procedures had been used to no avail. Officers of the juvenile court system and the juvenile court were convinced that the juvenile court had nothing left to offer D. T. R. and D. T. R. was no longer amenable to rehabilitation efforts by the juvenile court system. See In the Interest of J. J. S., supra, p. 618.
To rule in this case as requested by D. T. R. would be to divest the juvenile court of its discretion, a discretion clearly mandated to be used by OCGA § 15-11-39 (a) (3). There is strong evidence in this record that further rehabilitative efforts would be wholly fruitless. There is unanimous agreement that D. T. R. does not need hospitalization for mental illness or retardation. Yet counsel for D. T. R. would require the juvenile court to disregard the evidence and require yet one more evaluation, one more effort toward rehabilitation. This in effect wholly nullifies the power of a juvenile court to transfer any juvenile to the superior court for treatment as an adult. We are satisfied the legislature did not intend such a result in spite of the favored treatment of juveniles. When we apply the legal standards authorizing transfer of a juvenile to a superior court, we are fully satisfied that the facts of this case support the exercise of discretion by the juvenile court in this transfer.
Judgment affirmed. Carley and Sognier, JJ., concur.