A90A0031. IN THE INTEREST OF J. D., a child.
(395 SE2d 280)

CARLEY, Chief Judge.

A delinquency petition was filed, alleging that the sixteen-year-old appellant had committed the criminal offense of armed robbery. Acting pursuant to OCGA § 15-11-39, the juvenile court conducted a hearing to determine whether the offense should be transferred for prosecution in the superior court. The juvenile court ordered the transfer and appellant appeals from that order.

1. The State contends that error, if any, in ordering the transfer should be considered harmless, insofar as the superior court nevertheless has concurrent jurisdiction over the offense of armed robbery. This assertion is without merit. "Where courts have concurrent jurisdiction, the first court to take jurisdiction will retain it. [Cit.]" *J. G. B. v. State of Ga.*, 136 Ga. App. 75, 77 (2) (220 SE2d 79) (1975). "[J]urisdiction, once exercised, becomes exclusive rather than concurrent, subject to the right of either court to transfer to the other." *J. T. M. v. State of Ga.*, 142 Ga. App. 635, 638 (2) (236 SE2d 764) (1977). It was the juvenile court that first assumed jurisdiction over appellant. Accordingly, its jurisdiction was exclusive, unless and until the case was properly transferred to the superior court. It follows that the question of whether the juvenile court was authorized to transfer the case to the superior court must be addressed, since, if it was erroneous to do so, that error would clearly not be harmless.

2. Although OCGA § 15-11-39, by its terms, no longer requires that a transfer be based upon an express showing and determination that the child is not amenable to treatment or rehabilitation, amenability to treatment has nevertheless been subsumed within the concept of the "interest of the child." See *In re E. W.*, 256 Ga. 681 (2) (353 SE2d 175) (1987). However, our Supreme Court has also held

that, to warrant a transfer, the State need not always prove that the child is not amenable to treatment and that the juvenile court's order need not always reflect why the child is not amenable to treatment. "We intended such requirements to be necessary only in cases where the [S]tate seeks the transfer based at least in part on the child's non-amenability to treatment in the juvenile system, and the juvenile court relies in part on the juvenile's non-amenability to warrant the transfer. [Cit.]" *State v. M. M.*, 259 Ga. 637, 639 (1) (386 SE2d 35) (1989).

In the instant case, the juvenile court relied, in part, upon appellant's non-amenability to treatment as a basis for ordering the transfer. Accordingly, the juvenile court was required to state in its transfer order the reasons why it found that appellant was not amenable to treatment. The juvenile court's order does contain the requisite findings, concluding that appellant was not amenable to treatment for the following reasons: "1) Nature of alleged offense; 2) Involvement with adult co-perpetrators. . . ." On appeal, appellant does not contend that the evidence would not authorize the juvenile court to make these findings. Instead, it is urged only that these findings are otherwise insufficient to support the juvenile court's ultimate conclusion that appellant is not amenable to treatment.

Appellant cites *J. G. B. v. State of Ga.*, supra at 77 (2), for the proposition "that the number and severity of the offenses, *standing alone*, can [not] establish the absence of amenability to rehabilitation." (Emphasis supplied.) In the instant case, however, the juvenile court did not rely *solely* upon the fact that appellant had committed the serious offense of armed robbery. As noted, the juvenile court *also* found that appellant had committed that serious offense with adult co-perpetrators. A finding that a sixteen-year-old has committed the offense of armed robbery in conjunction with *adult* co-perpetrators clearly does not demand the conclusion that the child *is* necessarily amenable to treatment as a *juvenile*. It is the juvenile court that actually has the child before it. Consequently, that court is in a much better position than an appellate court to make the subjective determination whether any given sixteen-year-old child who has been shown to have joined with adult co-perpetrators in the commission of a serious offense, such as armed robbery, is amenable to treatment as a juvenile or is only amenable to that same treatment which will be afforded to those adults with whom he chose to act.

Appellant also cites *C. L. A. v. State of Ga.*, 137 Ga. App. 511, 512 (4) (224 SE2d 491) (1976). In that case, this court reversed a transfer order on the ground that the juvenile court had relied "*in part* upon the *nature* of the crime. *This alone* is not sufficient to satisfy the requirements of the statute. [Cit.]" (Emphasis supplied.) Appellant urges that *C. L. A.* should be read for the proposition that a

finding of non-amenability to treatment is not authorized if it is based "in part" upon the serious nature of the crime and also "in part" upon the child's participation therein with adult co-perpetrators. Admittedly, there is certain other language in *C. L. A.* which might support such an interpretation of the holding in that case. See *C. L. A. v. State of Ga.*, supra at 512 (3). It is also readily apparent, however, that the language from *C. L. A.* that is quoted above is internally inconsistent. The juvenile court could *not* have based its finding of non-amenability to treatment upon one factor "alone" if the juvenile court had relied upon that factor "in part." Accordingly, we have undertaken a review of the record in *C. L. A.* That review demonstrates that, as in *J. G. B.*, supra, the juvenile court in *C. L. A.*, relied *solely* upon the nature of the crime as the basis for its finding of non-amenability. Thus, *C. L. A.* is also distinguishable from the instant case and is not authority for the proposition that, as a matter of law, a finding of a juvenile's non-amenability to treatment can*not* be based upon a showing of his participation in a serious crime with adult co-perpetrators.

As previously noted, the juvenile court has the child before it when it makes the determination that a transfer is warranted. If the juvenile court makes the determination that the commission of the serious offense of armed robbery by a sixteen-year-old acting in concert with adult co-perpetrators warrants the conclusion that the child is not amenable to treatment as a juvenile, then we, as an appellate court, will not second-guess that determination. Accordingly, the order of transfer in the instant case is affirmed.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990.

*M. E. Thompson, Jr.*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

