A92A1583. WARD v. THE STATE.
(423 SE2d 288)

BEASLEY, Judge.

Appellant Ward and his co-defendant Knox were convicted of rape. OCGA § 16-6-1.

1. The first issue is whether the evidence was sufficient to withstand Ward's motion for directed verdict of acquittal. Such is to be granted "only when there is no conflict in evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. [Cits.] On appeal a reviewing court can consider all the evidence [cit.] and must view the evidence in the light most favorable to the verdict. [Cit.]" *Jones v. State*, 201 Ga. App. 102, 103-104 (2) (410 SE2d 199) (1991).

Ward borrowed an audio cassette tape from the victim, a high school classmate, and would not return it. He told her she would have

to come and get it. She responded that her mom would bring her to his house. He agreed but then changed his mind and told her to meet him at a convenience store close to her residence. When she arrived, Knox, whom she did not know, and Sinclair, whom she had heard of, approached and asked if she was Shannon. She said, yes. When she asked where Ward was, they told her he would be there in a minute. She turned to leave, but at Knox's insistence she let him drive her home.

The next day, the victim saw Ward at school. He asked her to go to get something to eat with him, Knox, and Sinclair after school. He told her that he would give her tape back then. She agreed, but told him she had to be at work at 5:30 p.m.

She waited for him to pick her up outside her residence, but Knox and Sinclair drove up and told her Ward was not yet able to leave home. She left with Knox and Sinclair, under the impression they were going to Ward's house. However, they drove to Knox's house and told her Ward had something to do, but they would call him. She asked Knox if she could use his phone to call her mom. He refused, saying that he was expecting a call.

The victim waited in the carport, but then went into the house. She went upstairs and found Knox and Sinclair, who told her to come into the room, stating they would not bite her. She laughed and entered. Sinclair was rolling a marijuana joint. He asked if she had ever smoked marijuana before, and she said, no. Sinclair got up, looked out the window, and asked rhetorically where "they" were.

Ward bounded into the room with Griffeth and Cook, whom the victim did not know. He suggested that they leave, but as the boys were walking to the car through the garage, they went into a room and began to smoke "pot." The victim reminded Ward that he had told her he did not do that anymore, but he said that it was no big deal and told her to just calm down. He encouraged her to "take a hit," which she did. She asked Ward about her tape, but he ignored her. Finally he turned toward her and said, "Shannon, don't you think it's about time." When she asked what it was time for, he said, "for me." She just laughed because he was saying things like that constantly. When she again asked for her tape, Ward said it was upstairs in Knox's bedroom and she could retrieve it. She got directions and went upstairs.

As she was looking for her tape, Knox came into the room and grabbed her from behind. She attempted to fight him off, but he was too strong and would not stop. She began screaming and heard the sound of the other boys giggling outside the door. She continued screaming but they increased the volume of the music they were playing on the radio. Knox raped her. She asked where Ward was, and she kept screaming and calling for him, but he did not come. After Knox

left, she was raped by Sinclair and forced to commit oral sodomy upon him. She was also raped by Cook and then Griffeth. They brought in a young boy, but he was scared and did not rape her. During this period, she became very weak and groggy and drifted in and out of consciousness.

The victim later stated to police that Ward came into the bedroom after Griffeth raped her, at which point she was hysterical. The other boys asked Ward to calm her down. He told her to shut up and lay down. She was then left in the room with the young boy. Ward reappeared and told her the young boy was a virgin, that he had a condom and was ready, and that Ward was going after him. Ward told the young boy to "just get on her," to which he responded, "She knows my name." The victim became hysterical.

At trial, on the other hand, the victim testified that Ward came into the bedroom while Cook was there, that he held her down while Cook raped her, and that he was one of the boys who forced her to perform oral sodomy upon Sinclair. She also testified that Ward offered to hold her down while the young boy raped her.

Eventually, Knox and another youth took her to work. She was hysterical and told her manager that she had been raped. The manager called the victim's mother, who took her to the police, then to the hospital. The examining physician found grossly visible abrasions around the vaginal opening, contraindicative of consensual sex, because these injuries would be very painful.

The evidence, viewed in a light most favorable to the verdict, was sufficient to authorize any rational trier of fact to find beyond a reasonable doubt that Ward was a party to rape. The jury was instructed as to when a person is a party to a crime by reason of being concerned in its commission, in accordance with OCGA § 16-2-20.

2. The next issue is whether the indictment was subject to dismissal. It was not.

At the time rape was committed, Ward was age 17 and on probation in juvenile court. The charges against him were dismissed for lack of probable cause after a commitment hearing in magistrate court. The juvenile court conducted a hearing on the matter which did not involve Ward because of the dismissal in magistrate court. The juvenile court did not order a transfer to superior court.

Ward contends that under these facts, he was not within the jurisdiction of the superior court when the grand jury subsequently indicted him. See *J. T. M. v. State*, 142 Ga. App. 635, 637 (2) (236 SE2d 764) (1977).

The State argues that at the time of the rape incident, Ward was outside the juvenile court's jurisdiction, as to it, and that the juvenile

court never assumed jurisdiction over him as to this offense.[1]

The superior court and the juvenile court have concurrent jurisdiction over juveniles charged with capital offenses, and whichever court first takes jurisdiction over the matter may retain it, subject to the right of the juvenile court to transfer the case to superior court. Ibid. Taking jurisdiction, within the contemplation of *J. T. M.* and like cases, means taking jurisdiction over a specific offender as to a specific offense. Id. at 638-639. The juvenile court never took jurisdiction over Ward as to the present offense.

3. Ward unsuccessfully assails the conviction as invalid on the ground the victim, by reason of her prior inconsistent statements, is chargeable with perjury at trial, and the State is chargeable with the knowing use of perjured testimony.

The prior inconsistent statements related to the credibility of the victim/witness but did not require suppression of her testimony as perjured. It was not proved that her trial testimony was false. Her credibility was properly left to the jury under proper instructions from the court. OCGA § 24-9-80; *Godfrey v. State*, 187 Ga. App. 319, 321 (370 SE2d 183) (1988).

4. The final enumeration of error is that the State had prior notice of these inconsistencies because the victim's testimony in juvenile court was the same as her testimony at trial, and the State should have revealed these inconsistencies in response to his motion for discovery.

We are without the transcript of the juvenile court hearing. The record does show that after the victim testified at trial, Ward was given a copy of her statement to police because of the inconsistencies between that statement and her trial testimony as to Ward's involvement in the crime. He then cross-examined her about these inconsistencies. The disclosure satisfied the requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and Ward does not contend that the timing of the disclosure prejudiced him.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1992.

*Wayne L. Burnaine*, for appellant.

*Thomas C. Lawler III, District Attorney, Donald L. Johstono, Jr., Debra K. Turner, Assistant District Attorneys*, for appellee.

---

[1] The transcript of the juvenile court hearing is not in the record.