## A08A0481. STYLES v. THE STATE.
(661 SE2d 641)

BERNES, Judge.

Telly Styles appeals the Worth County Superior Court order denying his motion to correct a void sentence. Styles contends that because he was a juvenile at the time of his offenses, the superior court lacked jurisdiction to enter judgments of conviction against him.[1] For the reasons that follow, we discern no error and affirm.

The record shows that in 1993, Styles, who was then a juvenile, was arrested on warrants and subsequently charged by indictment in the Worth County Superior Court with three counts of armed robbery, three counts of possession of a firearm during the commission of a felony, and aggravated assault on a peace officer. Styles entered a guilty plea to the charges and was sentenced to twenty years imprisonment to be followed by ten years probation.

In 2007, after having served 14 years of his sentence, Styles filed a "Motion to Correct Void Sentence."[2] The court denied Styles's motion and this appeal followed.

Styles contends that the superior court lacked jurisdiction over his person at the time he was convicted and that his convictions are

---

[1] Although Styles also raises additional claims of error unrelated to the validity of the sentence or judgment of conviction, those claims cannot be considered in this appeal. See *Reynolds v. State*, 272 Ga. App. 91, 94-95 (2) (611 SE2d 750) (2005); *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

[2] Styles's motion did not appear to challenge the length of his sentence, but rather whether the superior court could exercise proper jurisdiction over a juvenile defendant. We nonetheless note that Styles's sentence fell within ranges of punishment allowed by statute. See OCGA §§ 16-5-21 (c); 16-8-41 (b); 16-11-106 (b).

therefore void.[3] He argues that the superior court could not assume jurisdiction in his case because no transfer hearing had been conducted by the juvenile court. We disagree.

At the time of Styles's conviction, OCGA § 15-11-5 (b) provided the superior and juvenile courts with concurrent criminal jurisdiction "over a child who [was] alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in a penal institution."[4] Significantly, Styles was charged with three counts of armed robbery, an offense punishable by life imprisonment. OCGA § 16-8-41 (b). Consequently, either the juvenile or superior court could have properly exercised jurisdiction in this case.[5]

However, there is nothing in the record to show that the juvenile court ever exercised or attempted to exercise jurisdiction over Styles based on the charges alleged in the indictment. Thus, it appears that the superior court was the first court to exercise jurisdiction. As such, no transfer hearing was required. See former OCGA § 15-11-5 (b); *Lewis v. State*, 246 Ga. 101, 103 (1) (268 SE2d 915) (1980). See also *Ward v. State*, 205 Ga. App. 504 (423 SE2d 288) (1992) (where superior and juvenile courts have concurrent jurisdiction, court first taking jurisdiction over the matter may retain it).

Accordingly, Styles's convictions are not void for lack of jurisdiction and the superior court did not err in denying his motion to correct void sentence.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED APRIL 23, 2008.

Telly Styles, *pro se.*

---

[3] Styles cites OCGA § 17-9-4 in support of his proposition. It provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

[4] Under Ga. L. 2000, p. 20, § 1, the former OCGA § 15-11-5 was redesignated as OCGA § 15-11-28. OCGA § 15-11-28 (b) (2) (A) (vii) currently provides in relevant part that "[t]he superior court shall have exclusive jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed . . . [a]rmed robbery if committed with a firearm."

[5] The additional weapon and aggravated assault charges arose from the same criminal transactions as the armed robberies. "[C]oncurrent jurisdiction of the superior court over capital felonies committed by juveniles . . . necessarily extend[s] to related lesser crimes which are part of the same criminal transaction." *Worthy v. State*, 253 Ga. 661, 662 (1) (324 SE2d 431) (1985).

*C. Paul Bowden, District Attorney*, for appellee.

