53912. In The Interest of: T. J. M.

MCMURRAY, Judge.
The appellant, a 16-year-old male, in this case has been alleged to be a delinquent child in a juvenile petition charging him with the specified offenses of homicide by vehicle in the first degree; "failure to stop and render aid"; and violation of the Georgia Controlled Substances Act (possession of less than one ounce of marijuana). On January 7, 1977, by order of the Juvenile Court of McDuffie County, these specified charges against the appellant were transferred to the Superior Court of McDuffie County, thereby prompting this appeal. *Held:*
Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887) provides the sole procedure by which the juvenile court may relinquish its jurisdiction of a juvenile case and transfer the case for prosecution to the appropriate court having jurisdiction of the offense. *J. W. A. v. State of Ga.,* 233 Ga. 683, 684 (212 SE2d 849). Such transfer is not permitted unless "the [juvenile] court in its discretion determines that there are reasonable grounds to believe that (i) the child committed the delinquent act

alleged, (ii) the child is not amenable to treatment or rehabilitation through available facilities, (iii) the child is not committable to an institution for the mentally retarded or mentally ill, and (iv) the interests of the child and the community require that the child be placed under legal restraint and the transfer should be made; and (4) the child was at least 15 years of age at the time of the alleged delinquent conduct . . ." Code Ann. § 24A-2501 (a) (3), (4), supra. This court has held that, "[s]ince the statute requires the state to show 'reasonable grounds,' there must be testimony as to the rehabilitation possibilities or absence thereof in the record to meet the 'due process' requirements granted juveniles by the Supreme Court cases of In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) and Kent v. United States, 383 U. S. 541 (86 SC 1045, 16 LE2d 84) . . . [i]n order for an appellate court to determine if the state has carried the burden of proving that the child is not amenable to rehabilitation . . ." *J. J. v. State of Ga.,* 135 Ga. App. 660 (3) (218 SE2d 668). See also *C. L. A. v. State of Ga.,* 137 Ga. App. 511 (5) (224 SE2d 491).

The record in the case sub judice does not contain a transcript of any hearing which may have occurred prior to the court's order for transfer, and appellant contends there was no transcript inasmuch as there was no hearing. Nor does the record contain a waiver of transcript such as authorized by Code Ann. § 24A-1801 (b) (Ga. L. 1971, pp. 709, 729; 1974, pp. 1126, 1130). The district attorney contends that there was a waiver. However, the order of the Juvenile Court of McDuffie County transferring the charges to the superior court of that county cannot stand as it is not supported by the record, nor does it contain sufficient information to meet the standards required as to "reasonable grounds," and the "due process" required by the United States in In re Winship, supra, and Kent v. United States, supra. See *J. J. v. State of Ga.,* 135 Ga. App. 660, 663 (3), supra.

Accordingly, this case must be reversed with direction that the matter be remanded to the Juvenile Court of McDuffie County for disposition in that court, or for a de novo transfer hearing to the appropriate court in accordance with the Juvenile Court Code of Georgia.

*Judgment reversed with direction. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 3, 1977 — DECIDED MAY 26, 1977.

*G. Hughel Harrison,* for appellant.
*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.