65228. IN THE INTEREST OF L. L.

QUILLIAN, Presiding Judge.

This is an appeal from a juvenile court order transferring L.L., a 15-year-old male juvenile, to superior court to be tried as an adult for the murder of his 10-year-old sister.

The transfer was made under the provisions of Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; as amended through 1978, p. 1758), which provides, among other things, that transfer may be made if "the court in its discretion determines there are reasonable grounds to believe that (i) the child committed the delinquent act alleged, (ii) the child is not committable to an institution for the mentally retarded or mentally ill, and (iii) the interests of the child and the community require the child be placed under legal restraint and the transfer should be made."

After a transfer hearing the trial court made all of the foregoing findings and entered the transfer order.

The sole enumeration is whether the juvenile court abused its discretion in determining that L.L. was not committable to an institution for the mentally retarded or mentally ill. *Held:*

Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court. *Roberts v. State,* 141 Ga. App. 268, 270 (233 SE2d 224); *Gardner v. Lenon,* 154 Ga. App. 748, 750 (270 SE2d 36).

It is undisputed that L.L. is a moderate mental retardate with an IQ of 44 and a mental age of 8, who also suffers from schizophrenia which is in remission and is controllable by medication.

There is evidence that L.L. was not receiving adequate and appropriate care, training, education and other specialized services; and that he needs constant supervision and vocational and social training to assist in his own care in the future and to control his inappropriate behavior. The opinion of experts who had examined L.L. was that he should be placed in a mental retardation institution to provide the supervision, education and training he needs.

However, there is also evidence from which it could be inferred that L.L.'s needs could be handled by a combination of non-institutional schooling, sheltered workshop training and close parental supervision. In addition, there was testimony that it would be very difficult to find a mental retardation institution that would take L.L.

Accordingly, we find that there was some evidence to support the juvenile court's determination that L.L. was not committable to an institution for the mentally retarded or mentally ill and that the court did not abuse its discretion in making that determination.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983.

*Alfred J. Powell, Jr.,* for appellant.
*Gilbert J. Murrah, District Attorney, Paul Fryer, Assistant*

*District Attorney,* for appellee.