68986. L. K. F. v. STATE OF GEORGIA.

(328 SE2d 394)

Banke, Chief Judge.

A petition alleging the delinquency of appellant L. K. F., a juvenile, was filed in the Juvenile Court of Laurens County. The petition alleged three counts of aggravated assault, one count of armed robbery, and one count of burglary. L. K. F. brings this appeal from an order of the juvenile court transferring these charges to the superior court for disposition. At issue are two of the several statutory grounds and prerequisites set forth in OCGA § 15-11-39 which must be met before criminal charges asserted in a delinquency petition may be transferred for prosecution to some other court having jurisdiction of the offenses. *Held*:

1. Appellant first cites as error the juvenile court's finding that the state met its burden of proving the age requirement for transfer of this case from the juvenile court to the superior court. See OCGA § 15-11-39 (a) (4). The juvenile court found appellant to be 16 years of age based on evidence presented to the court at appellant's detention hearing. " 'It is well settled that a court may take judicial notice of its own records in the immediate case or proceedings before it.' [Cit.]" *Baker v. City of Atlanta*, 211 Ga. 34, 35 (83 SE2d 682) (1954). Consequently, this enumeration of error is without merit.

2. Appellant's remaining enumeration of error is directed to the juvenile court's finding that there were reasonable grounds to believe he was not committable to an institution for the mentally retarded or mentally ill. See OCGA § 15-11-39 (a) (3) (B). In regard to this issue, the juvenile court made the following findings of fact: "At all times during the course of the proceedings, the court has observed the juvenile conversing with and assisting his counsel . . . The juvenile court service worker has been in contact with the juvenile, although on a limited basis, and has stated his observations concerning the juvenile to the court, it being apparent to the officer that the juvenile suffers from no mental retardation or deficiency which otherwise would render him amenable to treatment in an appropriate facility."

The transcript discloses that the juvenile court services worker in

question first met appellant following a family altercation approximately three months prior to the hearing. The court services worker did not talk with appellant for any length of time on this occasion, and his only other conversations with appellant occurred on those occasions when appellant was in court. These latter conversations concerned "[j]ust how are you getting along, just passing the time of day . . ."

The court services worker was not called as a witness by either of the parties but was called by the court, after both parties had rested. Although he testified that appellant "appeared to be able to carry on an intelligent conversation," when asked whether appellant had been able to think and reason during their conversations, he responded, "I really couldn't hazard an opinion. Our conversations haven't gone to the depth that would require any real reasoning." When asked if appellant appeared retarded, the witness responded, ". . . I really would not have a basis to advance an opinion on that. I would say he looks all right . . . I would not immediately assess him as someone who was retarded." Finally, when asked whether appellant did anything which revealed an abnormal or deficient personality, the witness replied, "His attitude the night [of the family altercation] was of a nature that raised some questions as to his personality, but I was not dealing with him long enough to go into that any further. Again, I am not an expert in personality, and I could not say. I was concerned but more than that I wouldn't express an opinion."

In order to transfer a delinquency case for criminal prosecution, the juvenile court must determine that "there are reasonable grounds to believe that: . . . (B) The child is not committable to an institution for the mentally retarded or mentally ill . . ." OCGA § 15-11-39 (a) (3). Such a determination must, of course, be supported by competent evidence, and the burden of presenting such evidence lies with the state. See *In the Interest of T. J. M.*, 142 Ga. App. 415 (236 SE2d 152) (1977). See also *C. L. A. v. State of Georgia*, 137 Ga. App. 511 (3) (224 SE2d 491) (1976).

Contrary to appellant's assertion, the child's mental condition may be established by the testimony of a nonexpert witness, such as a court services worker, provided the witness gives sufficient facts and circumstances to establish the basis for his opinion. See *Leonard v. State*, 157 Ga. App. 37 (1) (276 SE2d 94) (1981); *Currelley v. State*, 145 Ga. App. 29 (3, 4) (243 SE2d 307) (1978); OCGA § 24-9-65. However, the court services worker who testified in the present case specifically declined to express any opinion as to the appellant's mental condition on the ground that he had neither the information nor the expertise to do so. Consequently, the evidence of record does not establish "reasonable grounds" for a determination that appellant is not committable to an institution for the mentally retarded nor mentally

ill. Compare *In the Interest of L. L.*, 165 Ga. App. 49 (299 SE2d 53) (1983). It follows that the court abused its discretion in transferring this case. Accord *In the Interest of T. J. M.*, supra; *J. J. v. State of Georgia*, 135 Ga. App. 660 (2, 3) (218 SE2d 668) (1975). However, because the present record affords no basis for a determination one way or the other regarding the issue of the appellant's committability to a mental institution, we believe the most appropriate disposition of the case is to vacate the judgment of the juvenile court and remand for a new hearing on the matter. Authority for such a remand may be found in the case of *In the Interest of T. J. M.*, supra. We note that jeopardy has not yet attached so as to preclude such a disposition, since the issue of the appellant's guilt or innocence has not yet been joined. To foreclose the possibility of a transfer on the basis of the record currently before us would be to impose arbitrarily a result which may not be in the public's interest, without vindicating any right of the accused.

*Judgment vacated and case remanded with direction. Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Beasley, JJ., concur. Pope and Benham, JJ., dissent.*

DECIDED MARCH 11, 1985.

*Ralph M. Walke*, for appellant.
*Beverly B. Hayes, District Attorney*, for appellee.

POPE, Judge, dissenting.

I fully agree with the majority's conclusion that the evidence of record is entirely too superficial to constitute "reasonable grounds" that appellant is not committable to an institution for the mentally retarded or mentally ill and, thus, that the juvenile court abused its discretion in transferring this case to the superior court for disposition. However, I respectfully disagree with the majority's disposition of the case in light of that holding.

The burden of meeting the stated requirements of OCGA § 15-11-39 is upon the State. *C. L. A. v. State of Ga.*, 137 Ga. App. 511 (3) (224 SE2d 491) (1976). "[T]he decision by a juvenile court to surrender its jurisdiction [is] a critical determination affecting the tenor of the juvenile's subsequent treatment in the courts and therefore 'must measure up to the essentials of due process and fair treatment.'" Id. at 511 (1). The decision in a transfer proceeding such as the case at bar is final and reviewable by direct appeal. See *Fulton County D. F. C. S. v. Perkins*, 244 Ga. 237, 239 (259 SE2d 427) (1979). In light of these circumstances, I do not believe, in the absence of any authority to the contrary, that the State is entitled to a second opportunity to

prove its case. I would reverse the decision of the juvenile court, leaving the case pending in that court for final disposition on the merits.

I am authorized to state that Judge Benham joins in this dissent.