77592. IN THE INTEREST OF S. P.
(377 SE2d 911)

McMURRAY, Presiding Judge.

A petition alleging the delinquency of appellant S. P., a juvenile, was filed in the Juvenile Court of Emanuel County. The petition alleged a "Violation of the Georgia Controlled Substances Act," possession of cocaine. S. P. brings this appeal from an order of the juvenile court transferring the case to the Superior Court of Emanuel County for prosecution. Appellant's sole enumeration of error contends that the juvenile court erred in determining that "[t]here are reasonable grounds to believe that [appellant] is not committable to an institution for the mentally retarded or the mentally ill." *Held:*

"In order to transfer a delinquency case for criminal prosecution, the juvenile court must determine that 'there are reasonable grounds to believe that: . . . (B) The child is not committable to an institution for the mentally retarded or mentally ill . . .' OCGA § 15-11-39 (a) (3). Such a determination must, of course, be supported by competent evidence, and the burden of presenting such evidence lies with the state. See *In the Interest of T. J. M.,* 142 Ga. App. 415 (236 SE2d 152) (1977). See also *C. L. A. v. State of Georgia,* 137 Ga. App. 511 (3) (224 SE2d 491) (1976)." *L. K. F. v. State of Ga.,* 173 Ga. App. 770 (2), 771 (328 SE2d 394).

In the case sub judice, the record contains no probative evidence supporting the juvenile court's conclusion that "[t]here are reasonable grounds to believe that [S. P.] is not committable to an institution for the mentally retarded or the mentally ill." Contrary to the State's argument, we do not view the underlying delinquent act and subse-

quent escapes of S. P. as proof that S. P. was not committable to an institution for the mentally retarded or mentally ill. Additionally, we note that the remainder of the evidence, relied upon by the State, lacked probative value because the evidence was hearsay or constituted the observations of a juvenile court service worker who acknowledged his lack of qualifications in the field of mental health. We believe the most appropriate disposition of the case is to vacate the judgment of the juvenile court and remand for a new hearing on the matter. As this concludes the present appeal, in order to prompt an appellate review of some further order entered by the juvenile court, a new notice of appeal must be filed.

*Judgment vacated and case remanded with direction. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong and Sognier, JJ., concur. Pope, Benham and Beasley, JJ., dissent.*

POPE, Judge, dissenting.

I agree with the conclusion of the majority that the record contains no competent or probative evidence supporting the juvenile court's conclusion that the minor is not committable to an institution for treatment of a mental condition. However, for the reasons set forth in the dissenting opinion in *L. K. F. v. State of Ga.*, 173 Ga. App. 770 (328 SE2d 394) (1985) (Pope, J., dissenting), I must dissent from the ruling that the case should be vacated and remanded for further proceedings to permit the State a second opportunity at proving what it must, by statute, prove in order to have its motion for transfer granted.

In this case, evidence was presented that the minor had been transferred from the juvenile detention facility to a state hospital when he attempted to commit suicide. He escaped from the hospital and, when apprehended, was transferred back to the juvenile detention facility. Clearly, the mental condition of the minor was at issue in the proceeding. The testimony of the juvenile court service worker that the minor was about to be released from the hospital when he escaped because no further treatment was necessary was incompetent on the issue of the minor's mental condition, as hearsay. The evaluation of the minor's mental condition after an attempted suicide is surely a fact which must be established by expert testimony. Yet, the State failed to present expert testimony sufficient to carry its burden of proof on this issue.

With the exception of *L. K. F. v. State of Ga.*, supra, those cases remanding a transfer order back to the juvenile court for rehearing have involved cases in which the court's order was not supported by specific findings of the "reasonable grounds" for transfer as set forth in OCGA § 15-11-39 (a) (3). See *In re E. W.*, 256 Ga. 681 (353 SE2d 175) (1987); *In re T. J. M.*, 142 Ga. App. 415 (236 SE2d 152) (1977).

As in *L. K. F. v. State*, the issue in this case is not the proper form of the court's order of transfer, but whether the evidence supports the court's order. Remand to afford the State a second opportunity to present evidence on a motion in a quasi-criminal case is improper. Consequently, I dissent from the majority opinion in this case and urge that *L. K. F. v. State of Ga.* be overruled.

I am authorized to state that Judge Benham joins in this dissent.

BEASLEY, Judge, dissenting.

I respectfully dissent because the record does not show an abuse of the court's discretion, "a discretion clearly mandated to be used by OCGA § 15-11-39 (a) (3)." *D. T. R. v. State of Ga.*, 174 Ga. App. 695, 697 (331 SE2d 70) (1985). As stated in that opinion, the code section provides for "the power of a juvenile court to transfer [a] juvenile to the superior court for treatment as an adult." Id. On appeal, our role is limited. "Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court. [Cits.]" *In the Interest of L. L.*, 165 Ga. App. 49, 50 (299 SE2d 53) (1983). This was repeated by the Supreme Court in *In re E. W.*, 256 Ga. 681, 683 (353 SE2d 175) (1987) as the appropriate approach, and it stated firmly: "The function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination."

Here there is competent evidence to support the court's finding that "there are reasonable grounds to believe that [S. P.] is not committable to an institution for the mentally retarded or the mentally ill," and to justify the juvenile court's conclusion that the juvenile system is ineffective to deal with him further.

There is no evidence or contention whatsoever that S. P. is mentally retarded. With respect to committability to an institution for the mentally ill, the record shows the following. S. P. would be 17 within a month of the hearing. (See OCGA § 15-11-2 (2).) He was arrested after the sheriff's office was advised by a confidential informant that drug sales were occurring and they stopped a designated car in which S. P. was a passenger; he was in possession of crack cocaine. When they got to the jail, a bag containing a cocaine tester and approximately 14 grams of cocaine was found behind the back seat, where S. P. had been seated. A motel room rented in his name contained an automatic pistol.

There was also evidence from his juvenile court service worker that he had been on probation for simple battery the year before, that he was subsequently committed to DHR for obscene language and terroristic threats involving the high school principal, that he escaped several times from various authorities, once recently when he was being taken to be tested for a sexually transmitted infection. The last

time he escaped was after the court service worker had been notified that S. P. would be released back to his custody from Georgia Regional Hospital, as being in no further need of its services and treatment. He had been taken there two days earlier after an apparent suicide attempt at the youth development center where he was being detained pending the cocaine charge. He was apprehended in New Jersey when police were called to what was described as a domestic quarrel and it was learned he was a fugitive.

In view of this history, and considering especially the nature of the delinquent act charged and the fact of intended release from the mental health hospital after a brief stay, as these relate to the question of committability to an institution for the mentally ill, there is at least some evidence to support the finding of the juvenile court. Its order of transfer should be affirmed, upon the authority of the above-cited code and cases.

DECIDED JANUARY 13, 1989.

*Sarah M. Tipton-Downie*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.