A92A1455. BOND et al. v. PARTEN.
(424 SE2d 353)

SOGNIER, Chief Judge.

This declaratory judgment action was filed by the sole Commissioner of Franklin County in his official capacity to determine the Commissioner's power vis-a-vis that of the defendant county Advisory Board to enter into a lease-purchase contract for a county jail. The trial court held that the Commissioner is authorized to contract for all county purchases without prior approval from the Advisory Board.

The members of the Advisory Board filed this appeal from the court's order.

Appellee has moved to dismiss the appeal on the ground of mootness. As supplemented by evidence submitted to this court, *Ring v. Williams*, 192 Ga. App. 329-330 (1) (384 SE2d 914) (1989), the record reveals that in a referendum held on March 3, 1992, two months after the trial court's order was entered, the voters of Franklin County approved a one cent sales tax increase, the proceeds of which are earmarked for the construction of the jail at issue in this action. According to the affidavit testimony of the county attorney, bonds for the construction were to be validated and the construction was scheduled to begin in summer 1992. In addition, the General Assembly enacted legislation creating a board of commissioners for Franklin County effective January 1, 1993, Ga. L. 1991, p. 4681, and the voters also approved the adoption of a commission form of government in the March 3 referendum. Appellee contends the issue raised in the declaratory judgment action has become moot because of these votes.

The Appellate Practice Act requires dismissal of an appeal when, inter alia, "the questions presented have become moot." OCGA § 5-6-48 (b) (3). "A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights. . . . The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question . . . will not require this court to retain and decide the case." (Citations and punctuation omitted.) *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986).

Appellants' sole enumeration of error is that "[t]he trial court erred in determining that the Franklin County Advisory Board lacked budgetary veto authority over proposals submitted by the Franklin County Commissioner." The concrete fact under which this action arose was the Commissioner's desire to contract for construction of the jail without budgetary approval from any other source. The question of the *Board's* "budgetary veto authority" over that project became moot when the *voters* provided the budgetary authority in the March 1992 referendum. Consequently, the *fact* under which the dispute over the Board's budgetary veto authority arose no longer exists, and the question of the Board's veto power over the Commissioner becomes an abstract question that does not arise upon "*existing* facts or rights." Id. The dissenters' concern for other issues that *may* arise concerning the construction of the jail or other county matters is irrelevant because the issue actually presented on appeal has become moot, and thus any ruling would be merely an "adjudication on an abstract question." Id. Moreover, a decision on the merits would provide no benefit to appellants, for whether we affirmed or reversed, the budgetary authority for the jail has been granted. See *National Coun-*

*cil of Jewish Women v. Cobb County*, 247 Ga. 198, 199 (275 SE2d 315) (1981) (appeal will be dismissed when a decision on the merits would be of no benefit to the complaining party).

While "a case may be moot, but, because the error is capable of repetition and yet evades review, the appeal will be considered," (citations and emphasis omitted), *Chastain*, supra at 433-434, that approach is not required here because there is no reason why any future ruling on the budgetary authority issue would evade review. See id. at 434. Accordingly, the appeal is dismissed as moot.

*Appeal dismissed. Birdsong, P. J., Pope, Cooper and Andrews, JJ., concur. McMurray, P. J., Carley, P. J., Beasley and Johnson, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

As I would affirm the judgment of the superior court rather than dismiss this appeal, I respectfully dissent. In my view, the limited information provided in the motion to dismiss the appeal is not sufficient to demonstrate that all of the issues on appeal concerning the limits of the powers of the sole commissioner are moot. Even after the decision to build a jail is made and the funding issue resolved, questions remain as to the authority of the sole commissioner to contract for the facility without the approval of the advisory board. The majority's oversimplification of the issues on appeal reduce any budgetary question to one of spend or do not spend, as though following a decision to spend it is self-evident to all concerned *what* should be purchased.

We are informed that construction of the jail was to have begun during the summer of 1992, a time preceding the decision of this case. Yet, who possessed the authority to contractually bind the county so as to permit the genesis of the project? Before construction could begin, the location and design of the jail, the identity of the parties who would construct the facility, the terms of the financial arrangements, and many related issues remained to be resolved by the appropriate party. These issues are not, as the majority suggests, issues which may arise in the future, but are an integral part of any purchase decision. The resolution of the issues presented on this appeal would determine who has authority to make those decisions and thus control the manner in which large sums of public funds are spent.

The motion to dismiss the appeal also relies on a pending change to a commission form of government for Franklin County. However, this change does not occur until January 1, 1993, and in the interim the issues contained in this appeal as to the powers of the sole county commissioner will continue to be justiciable. Appellee Parten's motion to dismiss the appeal on grounds of mootness should have been denied.

The superior court's declaration of the rights of the party is correct. The conclusions stated in the superior court's order reflect a careful and comprehensive review of the relevant statutes. See Ga. L. 1956, p. 2603; 1960, p. 2143; 1967, p. 2038; 1976, p. 3607; 1980, p. 4177; 1987, p. 4364; 1990, p. 2555; 1991, p. 4681. I would hold that the sole county commissioner may act alone in committing the county for the purchase of a new jail.

I am authorized to state that Presiding Judge Carley, Judge Beasley and Judge Johnson join in this dissent.

DECIDED OCTOBER 30, 1992.

*James E. Cornwell, Jr., Solicitor*, for appellants.
*Blasingame, Burch, Garrard & Bryant, J. Ralph Beaird, Andrew J. Hill, Jr., Stephen E. Smith*, for appellee.