A94A1304. IN THE INTEREST OF R. A. J., a child.
(447 SE2d 158)

BLACKBURN, Judge.

A petition filed against R. A. J., a child, charged him with the delinquent act of murder. After a hearing on the State's motion to transfer the case to superior court, the Juvenile Court of Athens-Clarke County entered an order transferring the petition to superior court. On appeal, R. A. J. contends the State failed to meet its burden of proof on several statutory prerequisites set forth in OCGA § 15-11-39 (a).

1. Initially, R. A. J. asserts the State failed to show he was not committable to an institution for the mentally ill. OCGA § 15-11-39 (a) (3) (B) requires that the court determine reasonable grounds exist that "[t]he child is not committable to an institution for the mentally retarded or mentally ill."

Relevant to this inquiry, the principal at R. A. J.'s middle school testified that R. A. J.'s grades dropped dramatically during his second year at the middle school, specifically, from passing all classes to failing all but two. Further, increased disciplinary actions were required

against R. A. J.; during his second year, he was disciplined 28 times and received 28 days of suspension. The principal testified that she had no knowledge of R. A. J.'s present IQ; however, he had been tested in the fifth grade and had scored approximately 82. The principal stated that a score of 70 or below was required for enrollment in special education programs. She noted that she was not a physician and could not address whether R. A. J. was mentally ill, but that she had never observed any behavior to indicate such an evaluation was necessary.

R. A. J.'s mother testified that he had never been evaluated by a psychiatrist or psychologist for treatment or evaluation. Although R. A. J. had suffered seizures while in elementary school, she had no reason to believe R. A. J. was mentally ill.

"[T]he child's mental condition may be established by the testimony of a nonexpert witness . . . provided the witness gives sufficient facts and circumstances to establish the basis for his opinion. [Cits.]" *L. K. F. v. State of Ga.*, 173 Ga. App. 770, 771 (328 SE2d 394) (1985). In the present case, the witnesses provided no basis for their opinion that R. A. J. was not mentally ill, despite specific evidence of dramatically declining grades and behavior. Therefore, the juvenile court abused its discretion in transferring this case without sufficient evaluation of R. A. J.'s mental condition.

2. R. A. J. contends the State failed to meet its burden of proving that his interest and the community's interest required the transfer. OCGA § 15-11-39 (a) (3) (C).

The juvenile court made the following findings of fact: that reasonable grounds existed to believe that R. A. J. murdered Quarteries Whitehead by shooting him, that R. A. J. was not committable to an institution for the mentally retarded or mentally ill, and that the community's interest in treating R. A. J. as an adult outweighed R. A. J.'s interest "because of the heinous nature of the offense which resulted in the death of Quarteries Whitehead."

In *Waller v. State*, 261 Ga. 830 (412 SE2d 531) (1992), the Georgia Supreme Court stated that "transfer to superior court cannot be based solely on the number and severity of the crimes." Id. at 831. In the present case, the juvenile court's evaluation of the community's interest was based entirely on the severity of the alleged act of delinquency. Therefore, the juvenile court's basis for transferring this matter was erroneous.

As "the present record affords no basis for a determination one way or the other regarding the issue of [R. A. J.'s] committability to a mental institution, we believe the most appropriate disposition of the case is to vacate the judgment of the juvenile court and remand for a new hearing on the matter. . . . To foreclose the possibility of a transfer on the basis of the record currently before us would be to

impose arbitrarily a result which may not be in the public's interest, without vindicating any right of the accused." *L. K. F.*, supra at 772.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 27, 1994.

*Christopher P. Brooks*, for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellee.