A94A1596. IN THE INTEREST OF J. T., a child.
(447 SE2d 702)

JOHNSON, Judge.

A petition alleging that J. T. committed the offense of aggravated assault was filed in the juvenile court. The court entered an order transferring the offense to the superior court for disposition. J. T. appeals from that transfer order.

1. Relying on our decision in *L. K. F. v. State of Ga.*, 173 Ga. App. 770, 772 (2) (328 SE2d 394) (1985), J. T. contends that the court abused its discretion in determining that there are reasonable grounds to believe that he is not committable to an institution for the mentally retarded or mentally ill. See OCGA § 15-11-39 (a) (3) (B). J. T.'s reliance on *L. K. F.* is misplaced. In that case, we found that the juvenile court improperly based its finding that the child was not mentally ill or retarded on the testimony of a witness who "specifically declined to express any opinion as to the [child's] mental condition on the ground that he had neither the information nor the expertise to do so." Id. at 771 (2). Unlike the court in *L. K. F.*, the court in the instant case based its ruling on the testimony of two nonexpert witnesses, an investigator for the sheriff's department and a juvenile court officer, who gave their opinions that J. T. is not mentally retarded or mentally ill. "[T]he child's mental condition may be established by the testimony of a nonexpert witness, such as a court services worker, provided the witness gives sufficient facts and circumstances to establish the basis for his opinion. [Cits.]" Id. The testimony of the sheriff's investigator shows that his opinion is based on several occasions when he conversed with J. T., who seemed to understand their conversations, and on instances when he observed J. T. interact with friends. The juvenile court officer explained that his opinion was based upon his personal contact with J. T. during the approximately 11 months before the transfer hearing, that he had talked with J. T. many times, that he had observed J. T. interact with other people at school and that he had participated on a committee which evaluated his mental status in preparing an individualized educational plan for J. T.

"[S]o different are the powers and habits of observation in differ-

ent persons, that no general rule can be laid down as to what shall be deemed a sufficient opportunity of observation, other than, in fact, it has enabled the observer to form a belief or judgment thereon. . . . Ordinarily, the sufficiency of the reasons given by witnesses for their opinion as to a person's [mental condition] cannot be determined as a matter of law by the court, but is a question for the [factfinder]." (Citations and punctuation omitted.) *Leonard v. State*, 157 Ga. App. 37, 39 (1) (276 SE2d 94) (1981). Contrary to J. T.'s contentions, we cannot find that the explanations given by the investigator and the court officer for their opinions as to J. T.'s mental condition are insufficient as a matter of law. The juvenile court, acting as the finder of fact, did not abuse its discretion in concluding that the two witnesses' testimony provided reasonable grounds for believing that J. T. is not committable to an institution for the mentally retarded or mentally ill. See *In the Interest of L. L.*, 165 Ga. App. 49 (299 SE2d 53) (1983).

2. J. T. argues that there was no evidence at the transfer hearing that he is not amenable to treatment in the juvenile system. See OCGA § 15-11-39 (a) (3) (C); *State v. M. M.*, 259 Ga. 637 (386 SE2d 35) (1989). This claim is without merit. The juvenile court officer testified that in less than a year J. T. was adjudicated delinquent for three separate offenses: he was originally placed on probation for simple battery, later continued on probation after being adjudicated delinquent for simple assault, and was again continued on probation after having been found carrying a pistol without a license. At the time of the transfer hearing, J. T. also had a murder charge pending against him in superior court. The juvenile court officer asserted that there are no appropriate juvenile programs in which to place J. T., although he has never been committed to the Department of Children & Youth Services. Contrary to J. T.'s argument, all of the foregoing evidence supports the finding that J. T. is not amenable to treatment in the juvenile system. See *In the Interest of B. A. H.*, 198 Ga. App. 713, 715 (2) (402 SE2d 791) (1991); *Nobles v. State*, 191 Ga. App. 594, 597-598 (4) (382 SE2d 637) (1989); compare *In the Interest of E. M.*, 198 Ga. App. 729 (402 SE2d 751) (1991).

The record also contradicts J. T.'s further claim that the court failed to balance his amenability to treatment with the interests of the community. At the conclusion of the transfer hearing, the court stated: "Due to the assaultive nature of the charges that he's had in the Juvenile Court for the past 12 months or past year, I believe that the interest of the community require that he be placed in legal constraint, and that there's nothing else the Juvenile Court can do for him at this time." In the written transfer order, the court provides: "Based upon the juvenile's record with the juvenile court of having three offenses within the last twelve months, that the juvenile continues to engage in assaultive-type behavior, and that the juvenile is cur-

rently charged in the Superior Court with the offense of murder, the Court finds that the interests of the child and the community require that the child be placed under legal restraint and that the transfer be made." Under the circumstances of the instant case, we will not second-guess the juvenile court's determination that the interests of the juvenile and the community mandate that the case be transferred to superior court. *In the Interest of J. D.*, 195 Ga. App. 801, 803 (2) (395 SE2d 280) (1990).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED AUGUST 1, 1994.

*Debra G. McDonald, Adrienne R. McFall*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.