A99A0504. IN THE INTEREST OF E. J. P., a child.
(511 SE2d 290)

ELDRIDGE, Judge.

Sixteen-year-old E. J. P. challenges his September 1998 transfer from Fulton County Juvenile Court to the Superior Court. We affirm.

According to the allegations underlying the juvenile court's delinquency petition, the appellant was visiting the apartment of an acquaintance in the early morning hours of August 24, 1997. In addition to the appellant, who was fifteen years old at the time, at least five children and two adults were present in the apartment. Suddenly, the appellant produced several knives and a handgun. After threatening those present, the appellant shot both adults and three of the children in the head, neck, and/or upper extremities; all of the victims suffered life-threatening, disfiguring injuries. The remaining child escaped out of a bedroom window and called the police. The appellant left the apartment and went to the home of a friend, where he was apprehended the same day. The appellant was charged with

delinquency in Fulton County Juvenile Court on the basis of, inter alia, five counts of aggravated battery.

On August 29, 1997, the State moved the juvenile court to transfer the case to the Fulton County Superior Court. A few days later, the juvenile court ordered that the appellant be transported for psychiatric evaluation and treatment. The examining psychologist diagnosed the appellant as suffering from symptoms of schizophrenia, including hallucinations and delusions.

On January 6, 1998, pursuant to a defense motion, the trial court ordered the Georgia Department of Human Resources Division of Mental Health, Mental Retardation, & Substance Abuse ("DHR") to conduct an ex parte, confidential, psychological evaluation of the appellant to determine (1) his present competence to stand trial and (2) whether he was suffering from a "delusional compulsion" at the time of the alleged offenses. See OCGA §§ 16-3-3;[1] 37-2-2.1. The DHR responded to the order by showing that, as long as the juvenile court had jurisdiction over a case, Georgia's criminal code did not authorize the agency to provide for an evaluation as to whether the juvenile was acting under a delusional compulsion at the time of the incident underlying the juvenile petition. Based on this information, the juvenile court amended its order directing DHR to conduct the psychological evaluation to include only an evaluation as to present competence. Further, the juvenile court ruled that the appellant was not entitled to present the affirmative defense of delusional compulsion during an adjudicatory hearing in juvenile court. Pursuant to the juvenile court's order, DHR arranged an evaluation as to the appellant's present competence, and the results were presented and discussed during the bind-over hearing on May 21, 1998.

Based upon the evidence presented during the hearing, the trial court transferred the case to the Fulton County Superior Court. This appeal was timely filed. *Held*:

1. As a preliminary matter, we note that the appellant did not challenge the evidentiary basis of the transfer of his case from juvenile court to the superior court. However, since he alleges that his constitutional rights were violated when he was precluded from raising an affirmative defense during the transfer hearing, an overview of the transfer procedure is necessary.

Under OCGA § 15-11-39 (a), "after a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, . . . the [juvenile] court *before hearing the*

---

[1] "A person shall not be found guilty of a crime when, at the time of the act, omission, or negligence constituting the crime, the person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime." OCGA § 16-3-3.

*petition on its merits* may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense." (Emphasis supplied.) For the transfer to take place, the child must have been at least 15 years of age at the time of the alleged delinquent conduct. OCGA § 15-11-39 (a) (4). Prior to the transfer, the juvenile court must conduct a hearing and give notice to the child and his legal guardians. OCGA § 15-11-39 (a) (1), (2); see also *R. S. v. State of Ga.*, 156 Ga. App. 460, 461 (1) (274 SE2d 810) (1980). Pursuant to such hearing, the juvenile court may, in its discretion, transfer such offense if the State presents competent evidence from which the court "determines there are reasonable grounds to believe that: (A) [t]he child committed the delinquent act alleged; (B) [t]he child is not committable to an institution for the mentally retarded or mentally ill;[2] and (C) [t]he interests of the child and the community require that the child be placed under legal restraint and the transfer be made." OCGA § 15-11-39 (a) (3) (A)-(C). See also *In re C. R.*, 264 Ga. 215 (442 SE2d 737) (1994); *In the Interest of J. H.*, 260 Ga. 447, 449-450 (1), (4) (396 SE2d 885) (1990); *State v. M. M.*, 259 Ga. 637 (386 SE2d 35) (1989); *In the Interest of A. F.*, 214 Ga. App. 440, 441-442 (2) (448 SE2d 11) (1994). "Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this [C]ourt. [Cits.]" *In the Interest of L. L.*, 165 Ga. App. 49, 50 (299 SE2d 53) (1983).

In this case, the juvenile court fulfilled all of the procedural requirements for a proper transfer. Evidence was presented as to each transfer requirement, and the juvenile court ruled that such evidence justified transfer. Accordingly, the only remaining issue in this appeal is whether the appellant was improperly denied the opportunity to present additional evidence during the transfer hearing.

2. The appellant asserts that the juvenile court violated his constitutional rights to due process and equal protection when it ruled that the appellant was not entitled to assert the affirmative defense of delusional compulsion[3] during a transfer or adjudicatory hearing

---

[2] Under OCGA § 37-3-1 (9.1), a person is committable if he is mentally ill and "presents a substantial risk of imminent harm to [himself] or others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to that person or other persons[, or who] is so unable to care for [his] own physical health and safety as to create an imminently life-endangering crisis[, and who] is in need of involuntary inpatient treatment."

[3] "[I]nsanity is an affirmative defense which the defendant must prove to a preponderance of the evidence. *Harris v. State*, 256 Ga. 350, 354-355 (6) (349 SE2d 374) [(1986)]. The State does not have to prove sanity because the law presumes sanity; no new burden of proof is imposed on the State by an affirmative plea of insanity. Id.; *Johncox v. State*, 189 Ga. App. 188 (2) (375 SE2d 139) [(1988)]." *Dixon v. State*, 217 Ga. App. 267, 268 (456 SE2d 758) (1995).

in juvenile court.

In this case, the order that was the basis for this appeal decided only whether the juvenile court should *transfer* the case to the superior court; there was *no adjudication* of the case on the merits. Contrary to the appellant's assertions, the consideration of his affirmative defense in reaching a conclusive determination of whether the actor *intended* to commit the criminal act goes to the *merits* of the case and is not an issue during the juvenile court's consideration of whether to transfer the case. See Division 1, supra; OCGA § 15-11-39 (a) (3) (A). If such determination of the merits of the case was required prior to effecting a transfer, the need for such transfer would be lost.

Further, to the extent that a consideration of the appellant's need for *future* psychiatric treatment might influence the determination of whether a transfer would be in the appellant's best interest, see OCGA § 15-11-39 (a) (3) (C), the determination of whether the appellant was suffering from a delusional compulsion at the time of the *prior* act is irrelevant. The relevant consideration is whether the appellant requires treatment *now or in the future*, and whether such treatment is available through the superior court or exclusively through the juvenile court. The record reflects that the juvenile court thoroughly considered such needs prior to determining that transfer was in the best interests of the appellant and the community.

Accordingly, this Court finds that the appellant was not entitled to present the affirmative defense of delusional compulsion during a transfer hearing in juvenile court and affirms the trial court's ruling to that extent. Further, any remaining issue regarding the appellant's rights during an adjudicatory hearing in juvenile court is moot, as this case has been properly transferred to the superior court and no adjudicatory hearing will be held in the juvenile court. See OCGA § 5-6-48 (b) (3); see also generally *Bond v. Parten*, 206 Ga. App. 88, 89 (424 SE2d 353) (1992). Therefore, the juvenile court's ruling as to such issue, if error, was harmless.

3. Further, to the extent that the appellant attempts to challenge the constitutionality of OCGA § 17-7-130 or 17-7-131[4] as the statutes apply to juveniles, such consideration is not ripe unless and until the *merits* of a case are considered during an adjudicatory hearing in juvenile court. See Divisions 1 and 2, supra; see generally *Action for a Clean Environment v. State of Ga.*, 217 Ga. App. 384 (457 SE2d 273) (1995). Further, jurisdiction over constitutional challenges to

---

[4] These statutory provisions require a superior court judge to order a psychiatric evaluation of a defendant's mental health status at the time of the crime when the defendant intends to assert an insanity defense at trial or as part of a plea bargain. However, it is unclear whether the statutes at issue provide for such evaluation in the juvenile courts.

statutes lies exclusively in the Supreme Court of Georgia. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 3, 1999.

*Whitman M. Dodge*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.