A00A0549. IN THE INTEREST OF A. B. S., a child.
(529 SE2d 415)

MCMURRAY, Presiding Judge.

On the morning of May 20, 1999, 15-year-old A. B. S., then a tenth grader at Heritage High School in Conyers, arrived at school carrying two fully loaded, concealed weapons: a 22-caliber lever-action rifle with a sawed-off stock and a .357 magnum revolver. He walked into an open area where 150 or so students were gathered before classes, retrieved the rifle from the inside of his pants leg, and fired all 12 rounds. Six students were struck and injured. Two other students narrowly escaped injury when bullets hit books they held.

Students chased A. B. S. outside. He withdrew the revolver from under his shirt and shot at one of the students, who jumped out of the line of fire. A. B. S. fired two more shots, dropped to his knees, and put the barrel of the gun in his mouth. The assistant principal, Cecil Brinkley, coaxed A. B. S. into surrendering the weapon. He was immediately taken into custody.

Petitions were filed in juvenile court alleging A. B. S. committed numerous delinquent acts, which if committed by an adult would constitute the offenses of aggravated assault (twelve counts), carrying firearms within a school building (two counts), possession of a revolver by a person under eighteen, possession of a firearm during the commission of a crime (two counts), and cruelty to children (four counts).

The State filed a petition to transfer the case to the Superior

Court of Rockdale County. The petition was granted, and A. B. S. appeals. *Held*:

In his sole enumeration of error, A. B. S. alleges that the juvenile court erred in determining that he is not committable to an institution for the mentally ill. We disagree.

> "In order to transfer a delinquency case for criminal prose-cution, the juvenile court must determine that 'there are reasonable grounds to believe that: . . . (B) The child is not committable to an institution for the mentally retarded or mentally ill[.] . . .' OCGA § 15-11-39 (a) (3). Such a determi-nation must, of course, be supported by competent evidence, and the burden of presenting such evidence lies with the state. See *In the Interest of T. J. M.*, 142 Ga. App. 415 (236 SE2d 152) (1977). See also *C. L. A. v. State of Ga.*, 137 Ga. App. 511 (3) (224 SE2d 491) (1976)." *L. K. F. v. State of Ga.*, 173 Ga. App. 770 (2), 771 (328 SE2d 394).

*In the Interest of S. P.*, 189 Ga. App. 829 (377 SE2d 911). See also *In the Interest of E. J. P.*, 236 Ga. App. 221, 222-223 (1) (511 SE2d 290).

Appellate review of the juvenile court's decision is limited to ascertaining whether some evidence existed to support it. "Determi-nations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." (Citation and punctuation omitted.) *In the Interest of K. S. K.*, 216 Ga. App. 257, 258 (2) (454 SE2d 165).

Under OCGA § 37-3-1 (9.1) (A) and (B), a person is committable to a psychiatric hospital if he is mentally ill and "presents a substan-tial risk of imminent harm to [himself] or others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to [himself] or other per-sons. . . ."

Ample evidence supported the juvenile court's determination that as of the date of the hearing, A. B. S. did not meet the criteria for involuntary commitment. The State presented the testimony of John J. Edwards, Ph.D., a forensic psychologist who conducted interviews with A. B. S., his family, and his psychiatrist, as well as other staff members at the detention facility where A. B. S. was housed. This expert witness also performed various psychological tests on the child. Based on the interviews and test results, Dr. Edwards con-cluded that A. B. S. was not psychotic: he did not suffer from delu-sions or hallucinations and was not otherwise out of touch with real-ity.

Dr. Edwards testified that A. B. S. likely had been suffering from a low-level depression for a number of years. Dr. Edwards added that

although A. B. S. would have required hospitalization immediately after the incident if he had not been placed in a secure setting where his behavior could be observed, A. B. S.'s current mental condition did not warrant involuntary commitment. Dr. Edwards pointed out that although A. B. S. had scratched an "X" from his shoulders to his waist with his fingernails and had otherwise acted out in the detention center, these episodes occurred in response to disciplinary measures. Moreover, Dr. Edwards testified that A. B. S. had since been placed on medication, Depakote, that successfully controlled his anger.

Finally, Dr. Edwards testified that several weeks into his detention, A. B. S. had reported hearing high-pitched screams as well as experiencing vivid dreams that recreated the incident in his mind. However, Dr. Edwards believed that A. B. S. had suffered an acute stress reaction to the incident and testified that the symptoms subsided after the child was given Depakote.

Eddy Regnier, Ph.D., a clinical psychologist practicing in Florida who testified on behalf of A. B. S., rendered a diagnosis of "major depression, recurrent, severe with psychotic features." Dr. Regnier believed that A. B. S. was severely depressed for periods of time, but less so at other times. Dr. Regnier stated that he believed that A. B. S. had auditory hallucinations and abnormal thinking, which indicated psychosis. Dr. Regnier also testified that A. B. S. was preoccupied with death and dying and was acutely depressed on the date of the incident. Therefore, Dr. Regnier concluded that A. B. S. had a serious mental illness. However, in response to questioning by the juvenile court, Dr. Regnier testified that as long as A. B. S. took his medication, he did not pose a substantial risk of harm to himself or others and was not committable.

Both the State's and A. B. S.'s expert witnesses testified that A. B. S. did not require involuntary commitment. Accordingly, the juvenile court correctly ruled that reasonable grounds existed to believe that the child was not committable to an institution for the mentally ill.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 8, 2000.

*Garland, Samuel & Loeb, Edward T. M. Garland, Donald F. Samuel,* for appellant.

*Richard R. Read, District Attorney,* for appellee.