542 S.E.2d 514 (2000)
246 Ga. App. 660
In the Interest of K.J.T., a child.
No. A00A0936.
Court of Appeals of Georgia.
November 6, 2000.
*515 Billy C. Mathis, Jr., Caroline A. Cormack, Albany, for appellant.
Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney, for appellee.
POPE, Presiding Judge.
A petition was filed against K.J.T. in the Juvenile Court of Dougherty County charging him with the delinquent act of being a party to the crime of aggravated assault. The state filed a motion to transfer to the superior court as provided by OCGA § 15-11-39. The first hearing on the motion was continued so that a psychological evaluation could be performed. After the psychological evaluation was completed, the juvenile court held another hearing and then granted the motion to transfer to the superior court. K.J.T. appeals, arguing that the juvenile court abused its discretion in granting the motion because the state failed to show reasonable grounds to believe that he was not committable to an institution for the mentally ill as required by OCGA § 15-11-39(a)(3). We agree and reverse.
Following notice and a hearing, the juvenile court may transfer an offense if:
(3) The court in its discretion determines there are reasonable grounds to believe that: (A) The child committed the delinquent act alleged; (B) The child is not committable to an institution for the mentally retarded or mentally ill; and (C) The interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and (4) The child was at least 15 years of age at the time of the alleged delinquent conduct or the child was 13 or 14 years of age and committed an act for which the punishment is loss of life or confinement for life in a penal institution.
OCGA § 15-11-39(a).[1]
The clinical psychologists who evaluated K.J.T. made the following observations:
He was disheveled and appeared very anxious.... He appeared to be responding to *516 internal stimuli throughout the interview and upon query stated he was hearing voices. Upon query, he stated somebody was calling his name. He also reported being afraid somebody was trying to hurt him. His behavior was bizarre in that he was shaking uncontrollably and looking around the room suspiciously. His thinking was illogical and he was verbally unresponsive most of the time.... He was not oriented to date or place ... and ... was observed making unusual hand gestures.... Formal testing was not performed due to his bizarre behavior and inability to communicate.
Based on these observations, the psychologists recommended that K.J.T.
be transferred to an inpatient psychiatric setting where his behavior can be monitored and he can be evaluated for psychotropic medication treatment. Given his current legal situation, it is possible that [K.J.T.] is malingering, or faking psychotic symptoms, for external gain. Therefore, psychiatric observation should rule out a diagnosis of malingering during his inpatient hospitalization. Following stabilization on medication, it is recommended that [K.J.T.] be provided with further psychological evaluation if warranted to determine intellectual ability, rule out cognitive impairment, and make further treatment recommendations.
At the hearing on the motion, the state presented the testimony of two probation officers who had varying degrees of contact with K.J.T. over the course of several years. Although both witnesses testified that they had never witnessed any behavior that would indicate K.J.T. suffered from a mental disorder, the record shows that the most recent contact either witness had with K.J.T. occurred almost two years prior to the transfer hearing. Thus, neither witness had any knowledge about K.J.T.'s current mental state, which the juvenile court recognized could have changed since the witnesses' last contact with K.J.T. Cf. In the Interest of J.T., 214 Ga.App. 349, 350(1), 447 S.E.2d 702 (1994) (non-expert witnesses had recent contact with juvenile). Nevertheless, the trial court granted the motion to transfer, concluding that because there were other charges pending against K.J.T. in superior court, that court was in a better position to follow up on the recommendations of the testing psychologists.
We find the trial court abused its discretion in granting the motion to transfer. The determination that there are reasonable grounds to believe that the child is not committable to an institution for the mentally retarded or mentally ill "must, of course, be supported by competent evidence, and the burden of presenting such evidence lies with the state." (Citations omitted.) In the Interest of S.P., 189 Ga.App. 829, 377 S.E.2d 911 (1989). Although it is true, as the state argues, that the juvenile court may rely upon nonexpert testimony concerning the mental condition of the juvenile, the state's evidence in this case, consisting of the testimony of the two juvenile probation officers, was not competent to establish K.J.T.'s present mental condition. The only probative evidence offered concerning K.J.T.'s current mental state was the opinion by two experts that his present mental condition could not be properly assessed unless he was transferred to an inpatient psychiatric facility for further evaluation. And we do not agree with the state's conclusion that the inpatient assessment recommended by the testing psychologists "was directed primarily at ferreting out K.J.T.'s suspected malingering." Although the psychologists mentioned this as a "possible" explanation for K.J.T.'s bizarre behavior, they also clearly indicated that K.J.T.'s current mental state could not be properly determined without inpatient observation and evaluation for psychotropic medication treatment. Thus, the evidence here was inconclusive concerning K.J.T.'s committability to a mental institution. Although further evaluation may show a reasonable probability that K.J.T. is not committable, it was premature for the juvenile court to conclude that the required showing had been made based on the evidence available at the time of the hearing.
[B]ecause the present record affords no basis for a determination one way or the other regarding the issue of [K.J.T.'s] committability to a mental institution, we believe the most appropriate disposition of the case is to vacate the judgment of the *517 juvenile court and remand for a new hearing on the matter [after K.J T. has been evaluated further].... To foreclose the possibility of a transfer on the basis of the record currently before us would be to impose arbitrarily a result which may not be in the public's interest, without vindicating any right of the accused.
L.K.F. v. State of Ga., 173 Ga.App. 770, 772(2), 328 S.E.2d 394 (1985). In the Interest of R.A.J., 214 Ga.App. 162, 163-164(2), 447 S.E.2d 158, rev'd on other grounds, In re R.B., 264 Ga. 602, 604(3), 448 S.E.2d 690 (1994).
Judgment reversed and remanded.
MILLER and MIKELL, JJ., concur.
NOTES
[1] This Code section was amended and redesignated as OCGA § 15-11-30.2, effective July 1, 2000. However, none of the changes to the language of the Code section would affect the resolution of the present appeal.