## A11A0874. IN THE INTEREST OF A. W., a child.
(718 SE2d 865)

DOYLE, Judge.

The State filed a delinquency petition in the Juvenile Court of Cobb County against A. W., a 17-year-old male, alleging that A. W. committed acts that would constitute burglary[1] and theft by receiving stolen property[2] if charged against an adult. Following a hearing, the juvenile court transferred A. W.'s case to superior court so that he could be treated as an adult offender as provided by OCGA § 15-11-30.2 (a). A. W. appeals from the transfer order, contending that the juvenile court erred by finding that he could not be committed to

---

[1] OCGA § 16-7-1 (a).

[2] OCGA § 16-8-7 (a).

an institution for the mentally retarded absent additional testing or a more recent mental evaluation. We disagree and affirm.

> Before transferring jurisdiction from juvenile to superior court, the juvenile court must find that there are reasonable grounds to believe that the child committed the delinquent act alleged; the child is not committable to an institution for the mentally retarded or mentally ill; the interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and the child was at least 15 years of age at the time of the alleged delinquent conduct. On appeal, the function of this court is limited to ascertaining whether there was some evidence to support the juvenile court's determination, and absent an abuse of discretion, we will affirm the order transferring jurisdiction.[3]

Relying on *In the Interest of K. J. T.*,[4] A. W. contends that the juvenile court abused its discretion in determining that there are reasonable grounds to believe that he is not committable to an institution for the mentally retarded or mentally ill. This reliance, however, is misplaced. In that case, this Court held that the trial court abused its discretion by granting the motion to transfer based on the testimony of two probation officers because the officers had not been in contact with the child for almost two years and were therefore unable to provide competent evidence to establish K. J. T.'s present mental condition.[5] Furthermore, the psychological evaluation in *K. J. T.* specifically indicated that the child's current mental state could not be properly determined without inpatient observation and evaluation for psychotropic medication treatment.[6]

In the instant case, however, A. W.'s initial probation officer from the Juvenile Court of Cobb County had an encounter with A. W. less than one year prior to trial. The officer's testimony indicated that A. W. fully understood and answered questions, but was a distant child. A. W.'s current probation officer from the Department of Juvenile Justice also testified that while she had to explain some things to A. W. repeatedly, he was able to understand most questions. In addition, both probation officers noted that A. W. was wearing a gold shirt, which signifies his ability to follow rules and regulations at

---

[3] (Citations and punctuation omitted.) *In the Interest of D. M.*, 299 Ga. App. 586, 586-587 (683 SE2d 130) (2009). See also OCGA § 15-11-30.2 (a) (3).

[4] 246 Ga. App. 660 (542 SE2d 514) (2000).

[5] See id. at 662.

[6] See id. at 661-662.·

the Youth Detention Center. The court was also provided with a psychological evaluation that occurred only 16 months prior to the hearing. The evaluation stated that A. W. functions in the borderline range of intellectual ability, but does not appear to manifest any type of mental retardation. The evaluation cited A. W.'s lack of motivation as a reason for his slow progression through academic material. A. W.'s current probation officer stated that there was no reason for a second psychological evaluation.

Because there was record evidence of A. W.'s current mental condition to support the condition of transfer, the trial court did not abuse its discretion by finding that A. W. was not committable to a mental institution.[7] Contrary to A. W.'s contentions, the psychological evaluation and the explanations given by the probation officers for their opinions as to A. W.'s mental condition are not insufficient as a matter of law.[8] Accordingly, we affirm the juvenile court's transfer order.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 14, 2011.

*H. Maddox Kilgore*, for appellant.
*Patrick H. Head, District Attorney, Stephen A. Delaney, Assistant District Attorney*, for appellee.

---

[7] See, e.g., *In the Interest of D. W. B.*, 259 Ga. App. 662 (1) (577 SE2d 819) (2003); *In the Interest of L. L.*, 165 Ga. App. 49, 50 (299 SE2d 53) (1983).

[8] See *In the Interest of J. T.*, 214 Ga. App. 349, 349-350 (1) (447 SE2d 702) (1994).